# Plunkett *versus* Sauer.

# Same *versus* Ihmsen.

A., a glass manufacturer, was indebted to B., who issued an attachment against him under the Act of March 17th 1869, and gave bond conditioned for the payment of costs and damages which A. might sustain in case of B.'s failure to successfully prosecute the attachment. The court subsequently dissolved the attachment, and B. then brought assumpsit against A. for the same debt. On the trial, A. offered in evidence, by way of set-off, the bond, to be followed by proof of the amount of damages which he had sustained, by reason of his factory being closed for a month under the attachment. *Held*, that this offer of evidence was improperly rejected by the court below. *Held further*, that the damages sustained by A. arose ex contractu and were such as could be liquidated; and, therefore, that they could be set off by A. in this action.

October 18th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J. absent.

WRITS OF ERROR to the Court of Common Pleas No. 2, of *Allegheny county :* Of October Term 1882, Nos. 1 and 13.

These were in the court below, actions of assumpsit by Christian Sauer and Dominick Ihmsen against Francis T. Plunkett, to recover the sums of $580 and $1,250 respectively due the plaintiffs.

On the trial of the former case the following facts appeared :—Plunkett, who was engaged in manufacturing glass, being indebted to Sauer in the sum above mentioned, the latter on March 12th 1879, caused an attachment to be issued against him under the Fraudulent Debtor's Act of March 19th 1869, and filed a bond, with Dominick Ihmsen as surety, in the sum of $1,160, conditioned for the payment of the legal costs and damages which Plunkett might sustain in case of Sauer's failure to prosecute the attachment with effect.

The court after hearing evidence, dissolved the attachment, April 9th 1879, Plunkett's factory having in the meantime been closed, and his goods being in the custody of the sheriff.

Subsequently Sauer brought assumpsit for the same debt upon which the attachment had issued. Plunkett admitted his indebtedness, but claimed that by reason of the closing of his factory for nearly a month, under the attachment, he was

[Plunkett v. Sauer.]

damaged to a greater amount than that due the plaintiff; the market price of the goods having fallen largely in the interim. He accordingly offered Sauer's bond in evidence which he desired to supplement by proof of damages sustained by the attachment, and by way of set-off. This offer was rejected by the court and upon a verdict being rendered for plaintiff, judgment was entered thereon.

In the second case the debt was due by Plunkett to Ihmsen and the attachment bond given by the latter with Sauer as surety, otherwise, the facts were the same, and judgment was entered for plaintiff therein.

Plunkett, thereupon, took these writs, assigning for error the rejection of his offers by the court, as above mentioned. The two cases were argued together.

*Duff* and *Alcorn* (with whom were *Hays* and *Noble*), for plaintiff in error.—It is well settled in Pennsylvania that unliquidated damages arising ex contractu are the subject of set-off, whenever, as in this case, they are capable of liquidation by any known legal standard: Speers v. Sterrett, 29 Pa. St. 192; Hunt v. Gilmore, 59 Pa. St. 450; Halfpenny v. Bell, 82 Pa. St. 128; Sewing Machine Company v. Saylor, 86 Pa. St. 287. The damages in this case did arise ex contractu, and not ex delicto, as claimed by defendant in error. After filing his bond, Sauer proceeded by authority of law, and could not be guilty of tort in so doing. Plunkett could not have sued in tort, his only remedy was on the bond; the giving of which, under the Act of 1869, superseded his action of tort at common law.

*H. W. Weir* (with whom was *John T. Mitchell*), for defendants in error.—The Defalcation Act of 1705 has been liberally construed so as to avoid multiplicity of suits and circuity of action, but the decisions under it exclude the set-off or defalcation of unliquidated damages which sound in tort or which arise from the tortious actions of the plaintiff: Hunt v. Gilmore, 59 Pa. St. 450; Speers v. Sterrett, 29 Pa. St. 192; Halfpenny v. Bell, 82 Pa. St. 128. The damages claimed to be set-off by Plunkett fall under this head. The court below dissolved Sauer's attachment which made him a trespasser ab initio in seizing Plunkett's goods. The damages thus incurred were unliquidated and arose immediately from this tortious act.

Mr. Justice GREEN delivered the opinion of the court, November 20th 1882.

We think the learned court below was in error in rejecting the defendants' offer of proof. In the proceeding by attachment

[Plunkett *v.* Sauer.]

the plaintiff was obliged to, and did, give a bond conditioned for the payment to the defendant of all legal costs and damages which he might sustain by reason of the attachment, if the plaintiff failed to prosecute the attachment with effect. After the giving of the bond in the attachment proceeding, the seizure of the defendant's goods was not a tort, but a perfectly lawful act. If any damages resulted therefrom to the defendant, the plaintiff was bound by his contract, to wit, the bond, to pay the amount thereof to the defendant. The defendant in order to recover those damages would necessarily be obliged to bring an action on the bond for that purpose, if the plaintiff refused to pay them voluntarily. This being so, it is perfectly clear that his right of action against the plaintiff is not for damages for a trespass, but damages for breach of the condition of the bond.

This right is ex contractu and not ex delicto. While it is true the damages are unliquidated, they are capable of liquidation by proof, and therefore, the right to set them off in this action comes clearly within the adjudicated cases. The whole subject of the right of set-off in such cases was exhaustively reviewed by the present Chief Justice in the case of Hunt *v.* Gilmore, 9 P. F. S. 450, in which it was held that unliquidated damages arising ex contractu from any bargain, may be set-off under the Pennsylvania Defalcation Act, whenever they are capable of liquidation by any known legal standard. The same doctrine was repeated and applied in the cases of Halfpenny *v.* Bell, 1 Norr. 128, and The Domestic Sewing Machine Co. *v.* Saylor, 5 Norr. 287. The first assignment of error is sustained and on that the judgment is reversed; we say nothing about the second assignment because we do not know whether the question it involves was raised by any proper plea.

Judgment reversed and venire de novo awarded.

### PLUNKETT *v.* IHMSEN.

The opinion in the case of Plunkett *v.* Sauer disposes also of this case. For the reasons there stated—

The judgment is reversed, and a venire de novo awarded.