## Ceraline Manufacturing Company, Appellant, v. Anthracite Beer Co.

*Liquor law—Brewing companies—Sale in other counties—Attachment under act of 1869.*

It does not follow that because a brewing company has no license in a particular county, it cannot sell its product in that county.   It has the right to accept orders from the residents of that county, and deliver to the persons ordering.   If it is prevented from filling the order by an illegal attachment of its beer it may recover damages for the injuries sustained from the person issuing the attachment.

*Attachment under the act of 1869—Dissolution—Liability on bond.*

Where two attachments under the act of 1869 are issued at practically the same time, and both are subsequently dissolved, the fact that the defendant settled with the second attaching creditor for damages growing out of the attachment, will not relieve the first attachment creditor for injuries occasioned by his attachment.

Argued Jan. 19, 1904.   Appeal, No. 41, Jan. T., 1904, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1901, No. 151, on verdict and certificate for defendant in case of Ceraline Manufacturing Company v. Anthracite Beer Company.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for goods sold and delivered. Before KELLEY, J.

At the trial the defendants set up as a counterclaim damages resulting from an attachment of its beer destined for delivery in Lackawanna county, which attachment was issued in Luzerne county under the act of 1869, by the plaintiff. It also appeared that a similar attachment was issued after the first by one Lester I. Dingee. Both attaching creditors gave bonds. Subsequently both attachments were dissolved. Defendant had a license for Luzerne county.

At the trial the court refused to admit evidence to the effect that the defendant had no license to sell liquors in Lackawanna county. [1]

The court also excluded an offer to prove that defendant had settled with Dingee for damages done by the issuing of the attachment. [2]

Verdict and certificate for defendant for $326.78, on which judgment was entered.

*Errors assigned* were (1, 2) rulings on evidence quoting the bill of exceptions.

*J. Wheaton Carpenter,* with him *George M. Okell,* for appellant.—It has often been held that an action founded on a transaction prohibited by statute cannot be maintained, where a penalty is imposed for violating the law and it is not expressly declared that the contract shall be void : Swan v. Scott, 11 S. & R. 155; Holt v. Green, 73 Pa. 198; Thorne v. Travellers Ins. Co., 80 Pa. 15 ; Johnson v. Hulings, 130 498 ; Com. v. Holstine, 132 Pa. 357 ; Garbracht v. Com., 96 Pa. 449 ; Com. v. Fleming, 130 Pa. 138.

In Aldrich v. Parnell, 147 Mass. 409 (18 N. E. Repr. 170), it was said : It is a familiar rule that ordinarily a release of one of several joint tort feasors discharges all; and this rule is applicable, even though there was no concert of action among them, provided the injury was single : Stone v. Dickinson, 87 Mass. 29 ; Brown v. Cambridge, 85 Mass. 474; Goss v. Ellison, 136 Mass. 503.

It is well settled that no action lies to recover damages for the prosecution of a civil suit, however unfounded, where there has been no actual interference with either the person or prop-

erty of the defendant: Gunnis v. Cluff, 111 Pa. 512 ; Muldoon v. Rickey, 103 Pa. 110.

*C. P. O'Malley*, with him *John B. Jordan* and *Willard, Warren & Knapp*, for appellee.

OPINION BY HENDERSON, J., March 14, 1904 :

The first and third assignments of error relate to the competency of evidence tending to show that the defendant had not a license to sell liquors in Lackawanna county and that, therefore, it was conducting an illegal business in that county, and could not recover damages for loss of sales there.    The evidence offered would not establish the conclusion sought.    It does not follow that because the brewing company had no license from the court of quarter sessions of Lackawanna county it could not sell its product in that county.    It had the right to accept orders from residents of that county and deliver to the persons so ordering : Commonwealth v. Hess, 148 Pa. 98.    There is no presumption that it intended to violate the law with regard to the sale of its product.    The uncontradicted evidence shows that it received orders for a large amount of ale from residents of Lackawanna county, and that it was prevented from filling the orders by reason of the attachment issued by the plaintiff. The damages arise not on account of goods sold and delivered legally or illegally, but because of the interference by the plaintiff with proposed sales.    For anything appearing in the case, the defendant could have legally delivered its product to the persons who had given orders therefor, as stated by the witness Healey.

The second assignment of error relates to the refusal of the court to admit evidence that the defendant settled with another attaching creditor for damages growing out of the issuing and service of the attachments, the appellant contending that such settlement operated as a release to it from any further claim for damages.    Dingee issued the second writ, which was placed in the sheriff's hands after the appellant's writ.    The attaching creditors gave bonds as required by the act of 1869. They were not tort feasors, therefore, as they were pursuing the remedy given by statute.    Their liability in case of the dissolution of the attachment is on their bonds, and not in tort :

Plunkett v. Sauer, 101 Pa. 356. The plaintiff's liability on the bond was fixed by the dissolution of the attachment. Any damages incurred resulted from the plaintiff's attachment. The same effect would have been produced on the defendant's business if the plaintiff's attachment alone had been issued. The jury was carefully instructed that the damages which they were to consider were those suffered " by reason of the specific attachment mentioned in the bond," and that it was the duty of the defendant to satisfy them that the damage was from the issuing of the attachment, and not from any other cause. The offer of evidence did not show or tend to show that the defendant had received any compensation for any damages due from the plaintiff on the bond introduced by way of set-off in this action. The learned judge was therefore correct in rejecting the offer of evidence.

These are the only assignments of error, and, in view of the evidence and the law applicable thereto, the case was properly submitted to the jury by the learned court. The assignments of error are overruled and the judgment is affirmed.