## Moxham and Ferndale Bridge.

*Bridges—Freeing of bridge—Examination of witnesses—Timely request for examination of witnesses—Act of May 8, 1876, secs. 3, 4, P. L. 131.*

Under the Act of May 8, 1876, P. L. 131, relative to the freeing of toll bridges and providing that "it shall be the duty of the court and grand jury, if requested, to hear and examine witnesses for and against," the confirmation of the report, timely request must be made in order

to entitle the party making it to such a hearing as a matter of right. If no such request is made until after the report has been approved by the court and grand jury, the appellate court will not review the discretion of the lower court in refusing the request; and this is especially the case where the paper in which the request was made contained no averment of any excuse for not presenting it before, and it does not appear from the record that the court refused to hear witnesses on behalf of the appellant, or to consider testimony that was presented in depositions.

Argued May 4, 1908.   Appeal, No. 98, April T., 1908, by the Moxham and Ferndale Bridge Company, from order of Q. S. Cambria Co., Sept. T., 1906, No. 108, dismissing exceptions to report of viewers, In re Condemnation of Moxham and Ferndale Bridge.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Exceptions to report of viewers.

The court dismissed the exceptions, filing the following opinion:

The report of viewers in the above-stated proceedings was filed in this court, December 5, 1906; was presented to the court on that day for approval, and then laid before the grand jury for appropriate action.  The report was approved by the court nisi on the day when presented, and in the decree it was directed that unless exceptions be filed to the report, or an appeal taken from the award of damages, within thirty days from that date, the report should be approved absolutely, etc. The report was returned to the court by the grand jury, with its approval on December 6, 1906, and on the same day, but subsequent to the report of the grand jury, a request in writing was filed by the counsel for the Moxham & Ferndale Bridge Company to be heard before the court and grand jury on the matter of the report of the viewers.

At the time of filing the request counsel for the said bridge company stated to the court that he was satisfied the proceedings were irregular; that the report had not received the approval of the county commissioners, and that unless he was permitted to be heard as though the report of the viewers had

not been confirmed by the court, his clients would suffer. Counsel was then and there informed by the court that in entering the nisi confirmation, the same was done with the reservation that the court would strike it off if inadvisedly or irregularly entered, and that the counsel for the said bridge company or his clients should not be prejudiced thereby.

The grand jury did not adjourn until Friday, December 7, 1906, but at no time did counsel for the said bridge company ask leave to go before it, or have the report referred back for further consideration and hearing; and not since then has counsel for the bridge company expressed any desire to be heard before the court and grand jury concerning the question of approval of the report of viewers.

The position taken by the counsel for the bridge company that the county commissioners were required to first approve the report before action by the court and grand jury, has been abandoned. The court has not refused or denied to said bridge company, or its counsel, a hearing before the court and grand jury, and there is nothing before us now, either by way of exception or argument, which would indicate any reason or cause for such hearing. The proceedings appear to be regular in every particular, and our attention is not called to any matter, if the report were now before us upon hearing, which should induce us to withhold our approval.

And now, August 6, 1907, the exceptions heretofore filed are dismissed at the cost of exceptants, and the nisi confirmation heretofore entered is made absolute.

*Error assigned* was the order of the court.

*Percy Allen Rose*, with him *Forest Rose* and *W. Horace Rose*, for appellant.

*Frank P. Barnhart*, with him *Charles C. Greer*, for appellee.

PER CURIAM, May 14, 1908:

Section 3 of the Act of May 8, 1876, P. L. 131, relative to the acquisition by counties of bridges erected over rivers, creeks

and rivulets, and the abolition of tolls thereon provides, that if it shall appear to the court and grand jury that such bridge ought to be declared a county bridge, etc., the report of viewers shall be approved.

Section 4 provides as follows: "In their inquiry into the propriety of approving and confirming any report under this act, it shall be the duty of the court and grand jury, if requested, to hear and examine witnesses for and against the same." This means, of course, that timely request must be made in order to entitle the party making it to such hearing as matter of right. If the request be not presented until after the inquiry has been concluded and the report has been regularly approved, it then becomes a discretionary matter and the action of the court regarding it will not be reversed except for abuse of discretion. The difficulty with the appellant's case is that the docket entries, read consecutively, show that the request quoted in the first amended assignment of error was not made until after the report had been approved by the court and grand jury. According to the history of the proceedings given in the opinion of the learned judge below, the order of the docket entries, as they appear in the record, accords with the fact, and there is nothing to show the contrary. Further, the paper in which the request was made contained no averment of any excuse for not presenting it before. Under the circumstances the court cannot be convicted of error in law or abuse of discretion in not making any specific order regarding it. The court was not bound to refer the report back to the grand jury, and the record fails to show that the court refused to hear witnesses on behalf of the appellant, or to consider testimony that was presented in depositions.

The order dismissing the exceptions and confirming absolutely the report of viewers is affirmed.