York, wherein it has been held, under the statute of June 25, 1887, which exempts an 'estate' valued at less than $500 from the duty or tax, that legacies to that amount or less are not subject to the tax. In Matter of Cager, 111 N. Y. 343; Matter of Howe, 112 Ib. 100; Matter of Smith, 5 Dem. 90; Matter of Hopkins, 6 Ib. 1, and Matter of McCready, Ib. 292. But, as remarked by Mr. Dos Passos, in his valuable treatise on the Law of Collateral Inheritance Taxes, etc., this 'seems contrary to the general practice of the different surrogates,' and a rule 'as to which there is much doubt.'

"But, however it may be in New York, we prefer to follow that which has been the settled construction of our statutes upon the subject. For the reasons given, the legacies to the charities amounting in the aggregate to an .estate exceeding $250, are chargeable with the tax.

" The exceptions are dismissed and adjudication confirmed."

The Philadelphia Protestant Episcopal City Mission appealed.

*Error assigned* was the dismissal of the exceptions.

*John Marshall Gest*, for appellant.

*Page, Allinson & Penrose, William U. Hensel*, attorney general, for the commonwealth, were not heard.

PER CURIAM, January 15, 1892.

Decree affirmed.*

Devlin, Appellant, *v.* Burns et al.

*Refusal of judgment for want of sufficient affidavit of defence.*

The Supreme Court will not reverse an order discharging a rule for judgment for want of a sufficient affidavit of defence in an action on a promissory note given for rent, where the defendant avers that the landlord failed to comply with a covenant in the lease by which he agreed to furnish steam to the defendant, and that the defendant was thereby damaged to an amount greater than the rent due.

Argued Jan. 15, 1892. Appeal, No. 145, July T., 1891, by plaintiff, from an order of C. P. No. 4, Phila. Co., March T.,

---

* See articles on this subject by Hon. C. B. Penrose in Legal Intelligencer, January 15, 1892, and by Samuel Hinds Thomas, Esq., 10 Pa. C. C. Rep. 410.

1891, No. 658, discharging a rule of judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit by John Devlin against Robert J. Burns, Lizzie Newbery and William T. Gailey, trading as R. J. Burns & Co. The defendants in their affidavit of defence averred that the plaintiff was not a bona fide holder of the note in suit for value before maturity, but that Hugh French was the sole owner thereof; that French was the defendant's landlord, and that the note in suit had been given to him for rent; that by a covenant in the lease French had agreed to furnish to the defendants live steam for carrying on their business to the full extent of the working of their plant; that lessor had failed to perform his covenant, had constantly turned off steam, and that defendants were consequently unable to fulfill their contract; that many pieces of goods had been spoiled for which defendants were liable, and they not only lost the price of their labor, but paid damages besides; that their losses in consequence of French's failure to comply with his covenant had amounted to more than the note in suit.

The court discharged a rule for judgment for want of a sufficient affidavit of defence.    Plaintiff appealed.

*Error assigned* was the order discharging the rule for judgment.

*J. W. Logue*, for appellant.

*John A. Scanlan*, for appellees, was not heard.

PER CURIAM, January 15, 1892.
Judgment affirmed.