## Bacon *v.* Scott, Appellant.

[Marked to be reported.]

*Promissory notes—Fraud—Affidavit of defence.*

In an action on promissory notes by an indorsee against the maker, an affidavit of defence is sufficient which avers that the plaintiff is not the holder or owner for value before maturity, but that the notes were handed by the payee to him for the purpose of debarring defendant from a defence: Moeck v. Littell, 82 Pa. 356.

*Sale—Warranty—Affidavit of defence.*

In an action to recover the price of certain doors, blinds and moldings, an affidavit of defence is sufficient which avers that the goods were sold under the express warranty and agreement that they were in size and dimensions like other doors, blinds and moldings being used in a large building operation, and were to be used therein; that defendant had no opportunity to examine them; that the articles were unsuitable for the purposes ordered, and not as represented in size and kind, and that in consequence defendant was compelled to sell them at a loss, specifically stated in the affidavit.

Argued March 23, 1893. Appeal, No. 248, Jan. T., 1893, by defendant, John H. Scott, from order of C. P. No. 1, Phila. Co., Sept. T., 1892, No. 509, making absolute a rule for judgment for want of a sufficient affidavit of defence in favor of plaintiff, Ansley W. Bacon. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit on promissory notes by indorsee against maker.

Defendant filed an affidavit of defence, and by permission of the court two supplemental affidavits of defence. In the first supplemental affidavit of defence he averred that plaintiff " is not the holder and owner for value and before maturity of the notes in suit, but the same were handed over to him by W. B. Mershon & Co., the payees, for the sole purpose of debarring deponent, the maker thereof, from a defence to the same."

In the second supplemental affidavit of defence he averred " that the merchandise furnished by plaintiff for which the notes in suit were given in part payment consisted, inter alia, of 415 pairs of inside blinds, at the price $1.90 per pair, making total of $790.75. Also, of 376 doors at $1.10 each, or a

total of $413.16.   Also, 9847 lineal feet of molding (a) ninety-six cents per foot, or $94.60 total.   That the said blinds, doors and molding were sold by A. W. Bacon, plaintiff, as agent for W. B. Mershon & Co., to deponent, under the express warranty and agreement that the same were in size and dimension like other doors and blinds being used in a large building operation, and which were to have been used likewise therein.   That said deponent had no opportunity to and did not see said blinds, etc., until after the giving of the notes in suit.   That said blinds, etc., were unsuitable for the purposes ordered and not as represented in size and kind, and deponent was compelled to sell the same at the following losses, to wit : On the 415 pairs of inside blinds deponent sold the same at a loss of $445.37 ; on the 376 doors deponent sold the same at a loss of $105 ; and on the moldings deponent sold the same at a loss of $31.52, making a total loss to deponent of $581.89.   And that these prices were the best that could be obtained for the same, and were all they were worth.   That deponent suffered a further loss, by reason of the same, of an amount greater than the entire amount of notes in suit."

Rule for judgment for want of a sufficient affidavit of defence was made absolute.

*Errors assigned* were (1) in entering judgment against defendant ; and (2) in making the rule absolute.

*Henry J. Scott*, for appellant.—In a suit on a promissory note an affidavit that defendant believes and expects to be able to prove that plaintiff is not a bona fide holder is sufficient.   The reasons for such belief need not be stated : Moeck v. Littell, 82 Pa. 356 ; Oberle v. Schmidt, 86 Pa. 221 ; Trust Co. v. Banger, 8 Pa. C. C. R. 99.

Where goods are bought for a special purpose, and are expressly warranted to be such as are suitable for the purpose, a breach of the warranty is a good defence to an action for the price : Badger v. McKay, 9 W. N. 528 ; Lehigh Coal Co. v. Link, 1 W. N. 102 ; Nagle v. Potter, 3 W. N. 26.

Even before the act of April 13, 1887, P. L. 21, a stipulation that future deliveries will equal the sample may become a term of the contract and be enforced as such.   It is then unneces-

sary to determine whether the stipulation is a warranty or a condition: West Republic Mining Co. v. Jones, 108 Pa. 55; Warren v. Phila. Coal Co., 83 Pa. 437; Scheppers v. Stewart, 11 W. N. 106.

A warranty and breach may be shown without offering to return the goods: Steigleman v. Jeffries, 1 S. & R. 476; Borrekins v. Bevan, 3 Rawle, 23; Erringer v. Miller, 3 Phila. 344; Badger v. McKay, 9 W. N. 528; Schultz v. Wilde, 7 W. N. 212; Lee & Bro. v. Baylie, 12 Cent. R. 716; Shaw v. Fleming, 11 Cent. R. 620.

Where goods are sold with a warranty of quality and are retained by the purchaser, the measure of damages for a breach of the warranty is the difference between the market value of the goods contracted for and of the goods delivered. In an action for the price of the goods, the purchaser may interpose this difference as a defence pro tanto: Ogden v. Beatty, 137 Pa. 197; Betz v. Shepperson, 8 Atl. R. 175; West Republic Mining Co. v. Jones, 108 Pa. 55; Kaufman v. Cooper Iron Co., 105 Pa. 537.

*Jas. Aylward Develin,* for appellee.—Inferences and intendments should not be pressed beyond the necessary meaning of the terms employed in an affidavit of defence, because when a party swears in his own case it is to be presumed he swears as hard as he can with a good conscience: Marsh v. Marshall, 53 Pa. 399; Bardsley v. Delp, 88 Pa. 420; Lord v. Ocean Bank, 20 Pa. 387.

When averments are so vague that no indictment for perjury would lie they do not comply with the requirements of the affidavit of defence law: Mitchell on Motions and Rules, 67; Gould v. Gage, 118 Pa. 561; Erie City v. Butler, 120 Pa. 382; Stitt v. Garrett, 3 Whart. 283.

Where goods are sold with a warranty of quality, and are retained by the purchaser, the measure of damages for the breach of the warranty is the difference between the market value of the goods contracted for, and of the goods delivered: Ogden v. Beatty, 137 Pa. 197; Loucheim v. Becker, 3 W. N. 449; Hopple v. Bunting, 3 W. N. 472; Sitgreaves v. Griffith, 2 W. N. 705.

The defendant's allegation that " the goods were unsuited

to his purpose," even supposing there was a warranty that they should be, does not necessarily imply any damage because he kept the goods and had the benefit of their market value.    Nor did he return nor offer to return them to his vendor.    The price for which he sold them could not affect the vendor unless that was the market price : Loucheim v. Becker, 3 W. N. 449; Sitgreaves v. Griffith, 2 W. N. 705; Hopple v. Bunting, 3 W. N. 472.

The time and place of making the contract, or the authority of the so-called agent to make the contract, are not shown ; neither is it stated why the defendant had no opportunity to examine the goods, whether it was of their physical situation at the time, or whether pleasure, inclination or other business prevented.    His silence on this point is to be taken against him, under the. principle that " when two different meanings present themselves that one should be taken which is most unfavorable to the party pleading : " Manners v. Library Co., 93 Pa. 175.

Mere representations as to quality of a specific article sold do not constitute warranty : Kaufman v. Cooper Iron Co., 105 Pa. 537 ; Wetherill v. Neilson, 20 Pa. 448 ; Endlich on Aff. Def. § 389; Bank v. Bartholomew, 2 W. N. 445; Black v. Halstead, 39 Pa. 64; Gould v. Gage, 118 Pa. 559.

OPINION BY MR. JUSTICE THOMPSON, April 17, 1893 :

The appellant was permitted to file two supplemental affidavits of defence and, making the most of the opportunity thus afforded him, has, by a process of evolution, succeeded in averring facts which constitute a defence in this case.    The suit is upon two promissory notes given to Mershon & Co., in part payment for doors, blinds and moldings sold to appellant by them, whose agent the appellee was in making the sale.    It is averred " that the appellee is not the holder or owner for value before maturity, but the same were handed by Mershon & Co., the payees, to him for the purpose of debarring appellant from a defence to the same."    The language here used is identical with that used in Moeck v. Littell, 82 Pa. 356, in which it was said, viz. : " This is not only an express averment that the defendant in error is not a purchaser for value of the note before it matured, but in substance the further averment that it is still

the property of Rowley (the payee)." As against Mershon & Co., the payees, who are to be treated as the owner of these notes, the affidavits set forth with reasonable precision facts necessary to constitute a defence.    They aver that the appellee as their agent made the sale of the doors, blinds and moldings in question to the appellant, under the express warranty and agreement that they were in size and dimensions like other doors, blinds and moldings being used in a large building operation, and were to be used therein.    Mershon & Co. were engaged in business at East Saginaw, Michigan, from which place the articles sold were to be shipped.    The appellant avers that he had no opportunity to examine them before he gave the notes sued upon.    The averment is thus made that at the time of the sale in question the appellee, as the agent of Mershon & Co., made an express warranty and agreement as to the size and kinds of articles sold to appellant.    It is then averred that the articles were unsuitable for the purposes ordered and not as represented in size and kind, and. that in consequence the appellant was compelled to sell them.    The specific loss on each of the articles thus sold is then set forth, and it is followed by the averment that the prices for which they were sold were the best prices that could be obtained, and that they were all they were worth.    The affidavits thus aver an express warranty, *its* breach, and the damages resulting therefrom.    They therefore state sufficient facts to send this case to a jury.

Judgment reversed and a procedendo awarded.