W. J. Weixel, F. J. Weixel, William M. Kennedy and A. M. Marshall, trading as W. J. Weixel & Co., appellants, *v.* A. J. Lennox.

*Affidavit of defense—Misrepresentations—Set-off—Promissory note.*

In an action upon a promissory note an affidavit of defense is sufficient which avers that the consideration of the note was the assignment of certain oil and gas leases; that defendant was induced to execute and deliver the note by the false and fraudulent representations of the plaintiffs that the territory leased gave every prospect of yielding large wells, and that a certain well then in process of drilling upon said leases was not then in the gas sand, when in point of fact it was through it, and was a small producer, which was well known to plaintiffs, and that the defendant was largely prejudiced thereby; and further, that the plaintiffs were indebted to the defendant for a specified amount for drilling certain other oil and gas wells, which amount defendant offered as a set-off in this case.

Argued Nov. 3, 1896. Appeal, No. 121, Oct. T., 1896, by plaintiffs, from order of C. P. No. 1, Allegheny Co., March. T., 1896, No. 720, discharging rule for judgment for want of a

sufficient affidavit of defense.  Before STERRETT, C. J., WIL-
LIAMS, McCOLLUM, MITCHELL, and FELL, JJ.  Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit averred as follows :

First.  At the time of the giving of the note sued upon the
consideration of which being the transfer and assignment of
certain oil and gas leases in Washington county, the plaintiff,
W. J. Weixel, holding himself out to be Weixel & Co., falsely
and fraudulently represented to the defendant that the territory
leased gave every prospect of yielding large wells and that a
certain well then in process of drilling upon said leases, was
not then in the gas sand, when in point of fact the said well at
that time had been drilled through the gas sand and through
the Gordon sand, and through said false and fraudulent repre-
sentations procured from the defendant the execution and de-
livery of the note sued upon.  That the fact that the well had
been drilled through the gas sand, and was only a small pro-
ducer was well known to the said Weixel and by the residents
of that locality at the time the defendant was induced to give
his note and take an assignment of said leases.  And this with
other circumstances largely prejudiced the defendant, rendered
the property valueless, and precluded him from making any
profit thereon.

Second.  The plaintiffs are indebted to the defendant in the
sum of $5,507.03, growing out of their dealings in regard to
certain oil and gas wells drilled in Washington and Allegheny
counties, and for which amount, in another suit brought by the
plaintiffs against the defendant at No. 62, May term, 1896, he
asks a certificate in his favor, and which defendant offers by
way of set-off to plaintiffs' claim.

A supplemental affidavit of defense was filed which averred :
That the plaintiffs are indebted to defendant in the sum of
$5,507.03, for and on account of the drilling of certain oil and
gas wells in Washington and Allegheny counties, done pursuant
to verbal agreements at or before the several wells were drilled,
which amount is due and owing with interest from the comple-
tion of the several wells, and which amount defendant offers by
way of set-off to the plaintiffs' claim in the above entitled case,

being the matter referred to in the second paragraph of the original affidavit of defense.

The court discharged the rule.

*Error assigned* was above order.

*F. P. Sproul*, with him *Thomas M. Marshall, Jr.*, for appellants, cited on failure of consideration: Stubbs v. King, 14 S. & R. 206; Bair & Gazzam v. Hubartt, 139 Pa. 96; Higgins Carpet Co. v. Latimer, 165 Pa. 617.

Cited as to set-off : Cosgrave v. Hammill, 173 Pa. 207 ; Class v. Kingsley, 142 Pa. 636.

*W. K. Jennings* and *H. G. Wasson*, for appellee, were not heard.

PER CURIAM, January 4, 1897 :

We are all of opinion that the affidavits of defense are sufficient to prevent a summary judgment and carry the case to a jury.   It therefore follows that there was no error in discharging the rule for judgment for want of a sufficient affidavit of defense.

Appeal dismissed at appellants' costs, but without prejudice, etc.