# Long *v.* Long, Appellant.

*Promissory notes—Indorsement—Affidavit of defense.*

In an action on promissory notes by an indorsee against the maker, an affidavit of defense is sufficient, which avers that the plaintiff is not the real owner of the notes, but that they are owned by a bank, and that the defendant has a good defense against the bank by way of a set-off in damages arising out of a breach of contract collateral to the notes in suit.

Argued Feb. 15, 1904. Appeal, No. 147, Jan. T., 1903, by defendant, from order of C. P. Lebanon Co., Sept. T., 1902, No. 417, making absolute rule for judgment for want a suffi-

cient affidavit of defense in case of D. B. Long v. F. B. Long. Before MITCHELL, C. J., FELL, BROWN, POTTER and THOMPSON, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*George B. Woomer* and *Thomas H. Capp,* for appellant.— An affidavit of defense to a suit on a promissory note by an indorsee against the maker is sufficient which avers that the plaintiff is not a bona fide holder for value : Bacon v. Scott, 154 Pa. 250 ; Moeck v. Littell, 82 Pa. 354 ; Devlin v. Burns, 147 Pa. 168.

Although the set-off in damages claimed by the defendant in his affidavit of defense arises out of a breach of a contract, collateral to the notes, in suit, yet the defendant may avail himself of this defense as a set-off, and the supplemental affidavit of defense in this case, alleging damages, by reason of the breach of the collateral agreement therein stated is sufficient to take the case to the jury : Halfpenney v. Bell, 82 Pa. 128 ; Weixel v. Lennox, 179 Pa. 457 ; Devlin v. Burns, 147 Pa. 168.

No paper-book filed nor appearance entered for appellee.

OPINION BY MR. JUSTICE POTTER, March 7, 1904 :

The error here alleged is the entry, by the court below, of judgment for want of a sufficient affidavit of defense.

It is averred by the defendant, who is the maker, that the plaintiff, who is the indorsee, is not the real holder or owner of the notes in suit, and that he has no valid title to them, but that the Lebanon National Bank is the real holder and owner. And in a supplemental affidavit of defense he alleges that he has a good defense as against the bank, by way of a set-off in damages arising out of a breach of contract collateral to the notes in suit.

It was held in Bacon v. Scott, 154 Pa. 250, that in an action on promissory notes by an indorsee against the maker, an affidavit of defense is sufficient which avers that the plaintiff is not the holder or owner for value before maturity, but that the notes were handed by the payee to him for the purpose of debarring defendant from a defense.

If the defendant had gone no further than the averments of the first affidavit he would probably have come within the principle of the case just cited. But when we take into consideration the supplemental affidavit, we find that the defendant has averred positively that the plaintiff is not the bona fide holder of the notes, but was merely an accommodation indorser, without loss by reason thereof. That the real owner is the Lebanon National Bank, against which a good defense is averred consisting of a set-off for breach of contract, in a collateral matter. Under the decisions in Halfpenny v. Bell, 82 Pa. 128, Devlin v. Burns, 147 Pa. 168, and Weixel v. Lennox, 179 Pa. 457, the defendant is entitled to set off against a claim by the bank, the damages arising from the breach of a collateral contract by it, if, as is averred, it be the owner of the notes.

For the present purpose we must accept the allegations of the affidavits as true. It may be that upon the trial the evidence will fall short of establishing the contention of the defendant. But that question will have to be determined when the proof has been submitted. All that we now decide is that the affidavits of defense are sufficient to prevent a summary judgment, and carry the case to a jury. ´

Judgment reversed and a procedendo awarded.