# First National Bank of Homestead, Appellant, *v.* Lee.

*Promissory notes—Want of consideration—Affidavit of defense.*

In an action by a bank upon a promissory note made by the defendant to his own. order and indorsed by him, an affidavit of defense is sufficient which avers that the note was to be held by the plaintiff's cashier, who acted for it in the negotiations, until certain shares. of stock held by it should be transferred to the defendant and certain notes and obligations indorsed by a third party should be delivered to him; that the promise to do these things was the only consideration for the note and that, in violation of the agreement, the note was delivered by the cashier and a transfer of the stock and delivery of the notes refused by the plaintiff.

Argued Oct. 30, 1908. Appeal, No. 224, Oct. T., 1908, by plaintiff, from order of C. P. No. 3, Allegheny Co., May T., 1908, No. 434, discharging rule for judgment for want of a sufficient affidavit of defense in case of First National Bank of Homestead v. A. M. Lee. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note. Before KENNEDY, P. J. The opinion of the Supreme Court states the case.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*J. Merrill Wright,* with him *C. W. Reamer,* for appellant.

*H. R. Phillips,* for appellee.

PER CURIAM, January 4, 1909:

This appeal is from an order discharging a rule for judgment for want of a sufficient affidavit of defense. The action was upon a note made by the defendant to his own order and indorsed by him. The facts upon which the defense is based are not set out in a clear and orderly manner, and the affidavit contains much that cannot be made a defense to a negotiable instrument; but the substance of the averments is that the note was to be held by the plaintiff's cashier, who acted for it in the negotiations, until certain shares of stock held by it should be transferred to the defendant and certain notes and obligations indorsed by a third party should be delivered to him; that the promise to do these things was the only consideration for the note and that, in violation of the agreement, the note was delivered by the cashier and a transfer of the stock and delivery of the notes refused by the plaintiff. The averment if sustained would show a want of consideration and that the plaintiff was not an innocent holder for value.

The appeal is dismissed.