# Ramsden, Appellant, *v.* Simplex Foundation Company.

*Contract—Evidence—Parol stipulation—Landlord and tenant.*

Where at the execution of a written lease, a parol stipulation is entered into by the lessor that a particular kind of railroad siding shall be placed upon the premises, and the lease is executed by the lessee in reliance upon this stipulation and it is known to the lessor, but not to the lessee, that such a kind of siding could not be placed upon the premises, parol evidence may be offered of such a stipulation in a suit to recover the rent for the premises.

Argued Dec. 16, 1908. Appeal, No. 208, Oct. T., 1908, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1905, No. 3,680, in case of Robert W. Ramsden v. Simplex

Foundation Company.   Before RICE, P. J., PORTER, HENDER-SON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Appeal from judgment of justice of the peace.   Before FER-GUSON, J.

The facts appear by the opinion of the Superior Court.

At the trial defendant made the following offer:·

I offer to prove by this witness that at the time the lease was signed the plaintiff represented to him that he knew of his own knowledge and was sure that a ground siding could be put in the property; that he would see that such a siding was put in; that the siding connecting this property with the adjoining property was under his control; that he would see that that siding was lowered two feet or a greater distance, if necessary, in order that this siding might be put in; that he at that time knew that those facts could not be sustained; that on the faith of those representations this witness signed the agreement, after saying that he had no knowledge himself about the siding and that if the plaintiff was sure that it could be done, that he would sign the lease.

Objected to as contradicting a written instrument.   Objection overruled.   Exception for plaintiff. [1]

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was (1) ruling on evidence, quoting the bill of exceptions.

*F. A. Sobernheimer,* with him *S. Walter Foulkrod,* for appellant.—Parol evidence should not have been admitted against the terms of the writing: Hunter v. McHose, 100 Pa. 38; Wodock v. Robinson, 148 Pa. 503; Krueger v. Nicola, 205 Pa. 38; Savings Bank Co. v. Trust Co., 210 Pa. 320.

The evidence as offered by the appellee does not bring it within either of the two classes as stated in Phillips v. Meily, 106 Pa. 536, so many times affirmed, and again reaffirmed in Gandy v. Weckerly, 220 Pa. 285.

*Walter K. Wood,* with him *Herbert U. Porter,* for appellee.— The offer of proof is clearly within the rule of law in regard to

parol evidence to set aside a written agreement and the testimony produced concisely and exactly sets forth the set of facts mentioned in the offer: Shughart v. Moore, 78 Pa. 469; Fidelity & Casualty Co. v. Harder, 212 Pa. 96; Gandy v. Weckerly, 220 Pa. 285; Wolfe v. Arrott, 109 Pa. 473.

OPINION BY ORLADY, J., July 14, 1909:

The appellant and appellee entered into an agreement of lease for a piece of ground adjoining the Pennsylvania Railroad, for a term of five years from June 14, 1905, at an annual rental of $400, to be paid in quarterly installments of $100, in advance. The first installment was paid when the lease was signed, and on July 7, the defendant notified the plaintiff that he had been induced to make the contract by representations that a proper siding could be procured from the Pennsylvania Railroad, which had not been performed and could not be performed; he thereupon rescinded and repudiated the lease, and withdrew from the premises. Suit was then brought to recover the next installment, and on the trial the defendant offered to prove that at the time the lease was signed, the plaintiff represented that he knew of his own knowledge and was sure, that a ground siding could be put in on the property, and further that he would see that such a siding was put in; that the siding connecting this with the adjoining property was under his control; that he would see that that siding was lowered two feet, or a greater distance if necessary, in order that a new ground siding might be put in, and that on the faith of these representations the agreement was signed, after stating that he had no knowledge himself about the siding, and that if the plaintiff was sure that it would be done, he would sign the lease, and further that the plaintiff knew at the time the representations were made that they could not be performed. It was objected that this offer was a mere contradiction of the written instrument. The objection was overruled, with an exception to the plaintiff, which forms the basis for the first assignment of error.

The proof adduced in support of this offer fully supported it; soon after the lease was executed it was ascertained that the railroad company refused peremptorily to place a ground siding

on the premises, or to make any other connection than by join-
ing with a siding on the adjoining premises, which was sup-
ported on trestles and was several feet above the level of the
ground. The character of the defendant's contemplated busi-
ness was of such a nature that this construction was not feasible,
and it was fully explained at the time the contract was signed,
and as this was a matter of vital importance as an inducing
cause, they rescinded promptly and withdrew from the premises.

The appellees waived a technical defense suggested in the
affidavit, and offered to prove and defend on the real merits of
the case. The testimony of all the witnesses, with the excep-
tion of the president of the appellee company, was admitted
without objection, and no motion was made for binding in-
structions.

The appellant offered testimony in rebuttal, and the case was
submitted to the jury by the court without any points being
submitted by the appellant. The trial judge stated: "When a
man attempts to practically nullify the effect of a solemn in-
strument by verbal testimony, the law requires a very high
order of evidence to substantiate his position; he must produce
evidence that is clear, precise and indubitable and it must be
absolutely convincing to the minds of the jurors."

This was not a case of the omission of a clause by mistake,
but it is distinctly and directly alleged that the promise or in-
ducement that was made to procure the execution of the lease
was in regard to a fact about which the plaintiff had full knowl-
edge, and of which the defendant had none, and, that a siding
on the level of the ground was indispensably necessary to the
conduct of the defendant's business. Whatever confusion there
has been in the past in regard to the character of proof necessary
to vary the terms of a written agreement, this case must be con-
trolled by Gandy v. Weckerly, 220 Pa. 285, in which the au-
thorities are fully considered, and it is there held, "that where
at the execution of a writing a stipulation has been entered into,
a condition annexed, or a promise made by word of mouth, upon
the faith of which the writing has been executed, parol evidence
is admissible, although it may vary and materially change the
terms of the contract, and, that the existence of a contempo-

raneous parole agreement between the parties, under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted."

The evidence was properly received under authority of Gandy v. Weckerly, and was submitted to the jury in a fair and adequate charge.

The assignments of error are overruled and the judgment is affirmed.