# Everett Consolidated Shingle Company *v.* McLaughlin, Appellant.

*Contract—Sales—Affidavit of defense.*

In an action to recover the price of shingles sold and delivered, an affidavit of defense is sufficient to prevent judgment for more than the amount tendered therein, where the market price of the shingles delivered is distinctly set forth, and it is averred that all of the shingles were not of the kind ordered, nor of the kind charged in the statement, but were of an inferior quality, that the defendant notified the plaintiff, and the latter directed them to hold the shipment until the price could be adjusted, and subsequently refused to send an inspector, and make an inspection and an adjustment.

Argued May 2, 1911. Appeal, No. 37, April T., 1911, by defendant, from order of C. P. Clarion Co., Dec. T., 1909, No. 136, making absolute rule for judgment for want of a sufficient affidavit of defense in case of The Everett Consolidated Shingle Co. v. J. M. McLaughlin & Co. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows:

That affiant avers that the shingles furnished and delivered to defendants as averred in plaintiff's statement, were not the kind ordered.

The item 206-1-4 M. shingles were not extra clear red shingles as set forth in plaintiff's statement, but a different grade and marked upright clears, being an inferior grade of shingles.

Your affiant avers that the shingles sent were not of uniform grade and a part of them of a very poor quality, and poorly manufactured, not any better than shingles of the common and poorer grade offered in the market. The item in plaintiff's statement, marked "50 M. Clear Red Cedar Shingles," were not branded or marked, and nothing to indicate what brand they belonged to. That instead of being "10 clear," a great many were defective the entire length, and not fit for any purpose.

That your affiant paid the freight on the car credited in said statement, and unloaded the shingles and found them to be a poor and inferior quality. Your affiant notified plaintiff of this fact, who wrote defendants to hold the shingles intact, and not dispose of them until they would send an inspector to examine the same.

That in compliance with this request, defendants held the shingles until June 17, 1909, when they wrote plaintiff requesting them to send on their inspector to examine and adjust the price.

486 EVERETT C. S. CO. *v.* McLAUGHLIN, Appellant.

Statement of Facts—Opinion of the Court.    [47 Pa. Superior Ct.

That plaintiff refused to send the inspector, or to adjust the price and demanded the sum claimed in their statement. That your affiant avers that the defendants have not been able to sell the shingles as No. 1 shingles, and still have on hand about 90,000 of them undisposed of by reason of their inferior quality, and in several instances had to take back shingles sold, on account of the poor quality.

Your affiant avers that defendants have always been ready to adjust the price of the shingles according to their value, and pay for the same.

Your affiant therefore tenders a judgment in the sum of $290.79, with interest from May 10, 1909, and cost of suit up to this date, which said sum affiant avers is all the shingles are worth at a market value.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*G. G. Sloan,* for appellant.

*A. A. Geary,* with him *Lewis Collner,* for appellee.

OPINION BY BEAVER, J., July 13, 1911:

Judgment was entered in the court below for want of a sufficient affidavit of defense.

The only assignment of error is that the order of the court entering judgment was erroneous.

The defendants ordered from the plaintiff shingles of a certain kind. The statement sets forth the shipment of shingles of the kind ordered, as we understand it. At all events, the affidavit of defense distinctly alleges that the shingles received were not of the kind ordered nor of the kind charged in the statement, but were of an inferior quality, that the defendants notified the plaintiff and that it directed them to hold the shipment until the price could be adjusted and subsequently refused to send an inspector to make an inspection and adjustment. The

market value of the shingles is distinctly set forth in the affidavit, and judgment tendered for the amount of that value. We think the affidavit was sufficient to prevent judgment for more than the amount tendered. The shipment by the plaintiff, in response to the defendants' written order, implied a warranty of the kind and quality of shingles shipped. There was no inspection on the part of the defendants, as they relied entirely upon the plaintiff to ship according to their order. The case is much like our case of Wilson v. Belles, 22 Pa. Superior Ct. 477.

We cannot agree with the conclusion reached by the judge of the court below that "If the case proceeded to trial and the defendant gave oral testimony to support each allegation in the affidavit, it would not be sufficient to submit to the jury and it would be necessary to direct a judgment to be entered in favor of the plaintiff for the full amount." We are of opinion that, if the allegations of the affidavit were supported by testimony of like specific character as the allegations contained in the affidavit, a jury would be justified in rendering a verdict for no more than the alleged market value of the shingles, as set forth in the affidavit. Here is a distinct allegation that the market value of the entire shipment was so much. If that were clearly shown, there could surely be no recovery for more than that amount.

The grounds, upon which the difference between the alleged market value and the price claimed in the statement rest, are set forth, that the shingles were not of the character ordered or charged and that they were distinctly inferior in quality. The affidavit is said to be insufficient in that it did not specify the number of shingles which were inferior. It would be practically impossible for the defendant to specify the exact number of shingles, without opening the bundles and examining each shingle separately, but the distinct allegation is made that they were all of an inferior grade and that the mark upon the shingles indicated that; that they were "upright clears" instead of "extra clear red cedar shin-

gles," the allegation being that "upright clears" were a grade inferior to the kind and quality ordered and charged in the plaintiff's statement.

We think this was sufficient and that the market value of the entire shipment being clearly indicated in the amount for which judgment was tendered, the affidavit was good as to the balance, and that it should have been so held.

The plaintiff can, of course, take judgment for the amount tendered and proceed as to the balance before a jury.

See Newton Rubber Works v. Kahn, 186 Pa. 306; Bacon v. Scott, 154 Pa. 250; Kaufman v. Cooper Iron Mining Co., 105 Pa. 537. In all of these cases there was an express warranty as to quality. In the present case there is an implied warranty, the defendants having ordered a specific quality of shingles and the shipment in response thereto implying a warranty that they were what was ordered. The defendants had practically as good right to rely upon this implied warranty as they would have had to rely upon an express warranty in regard to the character of the goods shipped.

Judgment reversed and a procedendo awarded.