## Kohn *v.* Hornung, Appellant.

*Promissory notes—Sale by sample—Affidavit of defense.*

1. In an action on promissory notes given for the purchase price of whisky, an affidavit of defense is sufficient to prevent judgment which avers that the whisky at the time of the sale was in a bonded warehouse and not seen by the defendant, that a sample of it was exhibited to the defendant by an agent of the seller, and that the whisky delivered was totally unlike the sample and inferior to it and wholly unsuited for defendant's business.

*Promissory notes—Plaintiff's agent—Defense.*

2. In an action on a promissory note an affidavit of defense is sufficient, which sets up a defense sufficient between the original parties, and avers that the plaintiff was merely an agent and employee of the payee, lending himself for the purpose of procuring judgment against the defendant, that he had paid no consideration for the note, and that he had full knowledge of the facts involved in the transaction.

Argued Oct. 10, 1912. Appeal, No. 269, Oct. T., 1911, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1911, No. 4,683, making absolute rule for judgment for want of sufficient affidavit of defense in case of Charles Kohn v. Jacob Hornung, Jr. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and PORTER, JJ.   Reversed.

Assumpsit on promissory notes.

The opinion of the Superior Court states the facts.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Sidney L. Krauss,* with him *W. Horace Hepburn* and *William A. Carr,* for appellant, cited: Moeck v. Littell, 82 Pa. 354; Bacon v. Scott, 154 Pa. 250.

*Albert L. Moise,* with him *Paul C. Hamlin, Albert J. Bamberger* and *Leonard J. Bamberger,* for appellee, cited: Lindsay v. Dutton, 217 Pa. 148; Monticello Distilling Co. v. Dannenhauer, 46 Pa. Superior Ct. 485.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiff's action was brought to recover the amount of three promissory notes for $100 each given by the defendant to the Empire Distillery Company to apply on the purchase of thirty barrels of whisky. The transaction was between an agent of the distillery company and the defendant. The whisky was in a bonded warehouse and was not seen by the defendant. The supplemental affidavit of defense sets forth that a sample of the whisky was exhibited by the agent of the distillery company at the time of the contract of sale. Only three barrels of the whisky were delivered to the defendant it having been agreed that the distillery company was to keep the whisky in its warehouse until the notes given by the defendant had been paid, the three barrels shipped having been paid for in cash. It is averred that the whisky delivered on the contract was not in accordance with the sample which was exhibited by the agent but totally unlike and inferior to the sample and absolutely useless to the defendant in his business. It is further averred that by the agreement between the defendant and the distillery company if the goods did not prove as represented the defendant was only to pay for the amount of goods used. These allegations we regard as sufficient to put the vendor on proof in an action be-

tween the original parties to the contract. It is argued by the appellee that the allegation of a sale by sample is not sufficiently specified, but we think this is not supported by the language of the affidavit. It sets forth in terms not to be misunderstood that a sample was exhibited by the agent of the distillery company at the time the purchase was made and that is to all intents and purposes an assertion that the contract was made in the light of the whisky exhibited as a sample of that about which the contract was entered into. This coupled with the assertion that the whisky was totally unlike the sample and inferior to it and wholly unsuited to the defendant's business presents a state of facts which if true would constitute a good defense against the seller. Moreover, the contract as is averred relieved the defendant from payment except for goods used if the property proved not to be as represented. If the contract had this condition and the whisky was of an inferior character and totally unlike the sample we are unable to see on what theory it can be contended that the defendant could be held to take it: Bacon v. Scott, 154 Pa. 250.

It is said, however, that this defense is not available because the action is on promissory notes regularly negotiated before maturity. This objection is met by the averment in the supplemental affidavit that the plaintiff is in fact only the agent and employee of the distillery company; that he is lending himself to it for the purpose of procuring judgment against the defendant for the amount of the notes; that he paid no consideration whatever for the notes and that he had full knowledge of the facts involved in the transaction. An affidavit similar in substance was held to be sufficient in Moeck v. Littell, 82 Pa. 354, and in Bacon v. Scott, 154 Pa. 250. If this statement is true the Empire Distillery Company is the owner of the notes and a defense on the merits is available to the defendant. We think that on the facts set up in the affidavits of defense the defendant was entitled to a trial by jury.

The judgment is reversed with a procedendo.