## Martz *v.* W. H. Wilcox Company, Appellant.

*Promissory notes—Affidavit of defense—Averments as to bona fide holder—Parol agreement—Fraud.*

1. In an action on a promissory note, an affidavit of defense which sets forth that the plaintiff is not a bona fide holder for value without notice, and that he is not the owner of the note but holds it for the purpose of bringing suit, is sufficient to prevent judgment, if the affidavit otherwise sets forth a defense.

2. A contemporaneous parol agreement made at the time a promissory note was given providing that the note should be held merely as a collateral security for a particular purpose will be sufficient to prevent the collection of the note, if it appears that the contemporaneous agreement was violated.

3. Where the terms of an affidavit of defense indicate beyond question that the note or contract in suit was the only result that could be expected from the agreement had between the parties immediately before the note or contract was signed, it need not be specifically averred in the affidavit of defense that the defendant relied upon and was induced to sign the note by reason of the agreement.

4. Where a promissory note is given under an agreement to be used

for a certain purpose, and an attempt has been made to use it differently from the use which is promised would be made of it, this attempted use is a fraud upon the maker of the note, and an affidavit of defense need not aver that the agreement under which the note was given was omitted from the note through fraud, accident or mistake.

Argued March 3, 1914. Appeal, No. 33, March T., 1914, by defendant, from order of C. P. Luzerne Co., March T., 1913, No. 607, discharging rule for judgment for want of a sufficient affidavit of defense in case of Frank Martz v. W. H. Wilcox Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit on a promissory note.
The note in suit was as follows:

"$1,118.49.                PLYMOUTH, PA., 12–27–1912.

"One month after date I promise to pay to the order of W. H. Wilcox........at the FIRST NATIONAL BANK OF PLYMOUTH, PA., Eleven Hundred Eighteen and 49.100......Dollars, without defalcation for value received.

"No. 6654.   Due 1–27–13.        FRANK MARTZ."

The note was indorsed and delivered by W. H. Wilcox to the W. H. Wilcox Company.

The facts of the case are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*R. W. Archbald*, with him *E. R. W. Searle*, for appellant.

*Harry Heller Weintraub*, for appellee.

OPINION BY KEPHART, J., April 20, 1914:
This is an action of assumpsit on a promissory note given by the appellee to W. H. Wilcox on December 27,

1912, payable one month after date, in the sum of $1,118.49. Before maturity the note was indorsed to W. H. Wilcox Company, who brought suit thereon, and afterward, through bankruptcy, was sold to Philip V. Mattes, who is here the appellant. On the filing of the affidavit, a rule was taken for judgment for want of sufficient affidavit of defense, which the court below discharged and the plaintiff appeals.

As the affidavit of defense is quite lengthy we will briefly state the dealings between the appellee and W. H. Wilcox on which this note was founded. In consideration of the purchase by the defendant of a number of automobiles he was granted exclusive right to sell the Marmon make of automobiles in Luzerne county. On October 1, 1910, there was delivered to the appellee one Marmon automobile to be used as a sample car. On November 1, 1910, the appellee gave to W. H. Wilcox a promissory note for $2,300 as collateral security to be held until the appellee sold the car or returned it, when this note was to be returned. This note was renewed until December 27, 1912, when the appellee, being unable to sell the car, returned it to W. H. Wilcox and requested the return of the $2,300 note. This note was returned on December 27, 1913, and a new note for $1,118.49 was given, being the note now in suit, and represented depreciation, etc., on the car.

The affidavit as to this note is as follows:

"(a) Which said note was to be returned to the said defendant as soon as the said W. H. Wilcox would arrange with the Marmon Automobile Company . . . . for the return thereof to them, and the said defendant herein named, made, executed and delivered unto the said W. H. Wilcox a note for the above specified amount, which said note was given as collateral security pending the crediting the defendant, Frank Martz, with the return of the said automobile to W. H. Wilcox and the release of liability on the part of Frank Martz, defendant herein.

"(b) That the said defendant herein named instructed the said W. H. Wilcox that he would not be liable for any loss or depreciation in value of the said automobile delivered to the said defendant by the said W. H. Wilcox and that the said defendant instructed the said W. H. Wilcox that he would not be personally liable for any difference in value, selling price or market price of the said Marmon automobile, . . . . and also instructed the said W. H. Wilcox that any sale made for less than $2,300 would be made at the peril of W. H. Wilcox and that he was not to retain the said note for $1,118.49, nor was the said W. H. Wilcox to claim any part thereof as and for loss or depreciation in value of the said car but was to use the said note for the purpose of arranging properly his books and crediting Frank Martz, defendant herein, and arranging same with the Marmon Automobile Company. . . ."

Before discussing the questions involved, the affidavit sets forth that the plaintiff is not a bona fide holder for value without notice and that he is not the owner of the note but holds it for the purpose of bringing suit. This averment is sufficient to prevent judgment if the affidavit otherwise sets forth a defense: Bacon v. Scott, 154 Pa. 250; Long v. Long, 208 Pa. 368; Kohn v. Hornung, 52 Pa. Superior Ct. 238.

The appellant holds the affidavit insufficient in that it fails to set forth: (1) the terms and conditions under which the contemporaneous agreement was made, (2) clearly and definitely what the agreement was, (3) that the defendant relied upon and was induced to sign the note by reason of this agreement, (4) that the agreement, through fraud, accident or mistake, was omitted from the terms of the note, (5) that the act which it, as collateral security, indemnified, had or had not been performed and just what it was to secure.

"It is not necessary that an affidavit of defense should be drawn with so much nicety that no critical skill can suggest an objection; but if it sets forth substantially a

good defense it should be supported:" Thompson v. Clark, 56 Pa. 33.

An examination of the brief statement of facts as outlined in this opinion will answer the first and second complaints against the appellant.

As to the third and fourth questions, the affidavit states that the note was given to Wilcox with the understanding or promise that it was to be returned, that it was not to be retained and no part of it was to be claimed in money, but the note was to be used to straighten up Wilcox's books and to credit Martz, the appellee, with the return of the automobile and thereupon a release of his liability and in arranging this with the Marmon Automobile Company. For the latter two purposes it was to be used as "collateral security." It is fairly to be inferred from the affidavit that Wilcox, in taking these notes, agreed to the matters therein set forth and that he proposed to do those things mentioned; and the only consideration for the note was its use in the manner as indicated. It is hardly the case of a contemporaneous agreement omitted from the original instrument by fraud, accident or mistake, but it rather comes under that class of cases wherein there has been an attempt to make a fraudulent use of an instrument in violation of a promise or agreement made at the time the instrument was executed and without which it would not have been executed. "The existence of a contemporaneous parol agreement between the parties under the influence of which a note or contract has been signed, which is violated as soon as it has accomplished its purpose in securing the execution of the paper, may always be shown when the enforcement of the paper is attempted: Clinch Valley Coal and Iron Co. v. Willing, 180 Pa. 165; Faux v. Filter, 223 Pa. 568.

"Where at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made by word of mouth, upon the faith of which the writing has been executed, parol evidence is admissible

although it may vary and materially change the terms of the contract:" Gandy v. Weckerly, 220 Pa. 285; Ramsden v. Simplex Foundation Co., 39 Pa. Superior Ct. 587.

Where the terms of an affidavit of defense indicate beyond question, that the note or contract was the only result, that could be expected from the agreement had between the parties immediately before the note or contract was signed, it need not be specifically averred in the affidavit of defense that the defendant relied upon and was induced to sign the note by reason of the agreement: Keough v. Leslie, 92 Pa. 424.

Where a note is given under an agreement to be used for a certain purpose, and an attempt has been made to use it differently, from the use which is promised would be made of it, this attempted use is a fraud upon the maker of the note and an affidavit of defense need not aver that the agreement under which the note was given was omitted from the note through fraud, accident or mistake: Gandy v. Weckerly, 220 Pa. 285. There being no fraud, accident or mistake in the acts or minds of the parties at the time the note in question was given, there could be no such averment in the affidavit of defense. The fraud arises after the note is given when it is attempted to be used in a manner contrary to the agreement between the parties.

In First National Bank of Homestead v. Lee, 223 Pa. 305, an affidavit of defense to a promissory note was held to be sufficient which averred that the defendant gave the plaintiff a note which was to be held by the plaintiff until certain shares of stock were transferred by the plaintiff to the defendant and certain other obligations indorsed by third parties should be delivered to the defendant; that the note was delivered (or sold) by the cashier and suit instituted thereon in violation of the agreement; and that the promise to do these things was the only consideration for the note. "This averment, if sustained, would show a want of consideration

.and that the plaintiff was not an innocent holder for value." As to the appellant's fifth complaint, the best that can be said of the affidavit is that the note was collateral security for the execution of the promise that the defendant would be credited with the return of the automobile and thereupon his release of liability. Admitting this is not so clearly stated and the affidavit is silent as to the performance of these conditions, it is well stated that the note was without consideration and in any event it was to be returned, it was not to be collected, it was given for a specific purpose and the plaintiff, in violation of his agreement, is attempting to enforce payment thereby misusing the paper.

Negotiable instruments, such as the one here given, perfect and complete, calling for the payment of a certain sum of money at a definite time, should not have their negotiable character impaired by being joined with contemporaneous agreements which call for the accomplishment of other purposes than the payment of money. But where the contemporaneous agreement is of the terms as above indicated and the note was the logical outcome of that oral agreement, as between the maker and payee of the note or those having received or who are affected with actual knowledge, this agreement will be given effect when the note is up for consideration; but the instant the note passes into the hands of an innocent purchaser it takes to itself all the characteristics that it, as negotiable paper, would be entitled to have, free from the embarrassments of these contemporaneous agreements.

The assignments of error are overruled, the order discharging the rule is affirmed, and this appeal is dismissed at the cost of the appellant. .