## Chiles v. Miller et ux.

*Randall W. Snyder*, for plaintiff.
*Irving Coleman*, for defendants.

DIEFENDERFER, J., December 24, 1951. — Plaintiff filed a complaint in assumpsit on August 29, 1951. On September 18, 1951, defendants interposed preliminary objections to the complaint. On October 10, 1951, plaintiff, as of course, amended his initial complaint. To this amended complaint, on November 2, 1951, defendants interposed preliminary objections in the nature of a demurrer.

The matter is now before this court for determination.

The question involved is whether or not plaintiff's amended complaint in assumpsit states a valid cause of action.

Under the provisions of Rule 1017 of Pennsylvania Rules of Civil Procedure defendants have interposed a demurrer to plaintiff's amended complaint and contend that even if the averments are true, they do not constitute valid causes of action. This complaint is based upon a written contract attached to complainant's amended complaint and provides as follows:

"This contract should not be altered unless in writing. Plans, drawings and specifications attached

hereto and made a part hereof shall be of no effect unless signed by the contractor and one of the owners."

Plaintiff alleges that he has performed and completed the work in pursuance of the written agreement and in pursuance of certain oral modifications of the written contract.

The issue in this case turns upon interpretation of the clause: "This contract should not be altered unless in writing." The issue therefore before this court is the effect of the parol evidence rule in relationship to its admissibility to modifying a written agreement.

The general rule is that parol evidence is inadmissible to reform a written agreement according to the intent of the parties, unless the declarations set forth fraud, accident or mistake as the grounds for the reformation. In using the word "should" the question arises as to whether or not it is mandatory. In many cases it is misinterpreted, but a close reading of the contract in this case would present an ambiguous meaning. It is not clear whether when the parties used the word "should" that it meant that the written contract could not be varied by simultaneous or subsequent oral understanding. The contract itself was completed, but there were oral modifications thereof and as to whether or not these oral modifications had to be in writing might be a question of interpretation of the word "should".

The parties having used words which are ambiguous in meaning, extrinsic evidence is essential in order that the jury may determine the actual intention in employing those words, and it is therefore not necessary to allege fraud, accident or mistake as a prerequisite to the admissibility of such evidence. Such an averment is only required when the attempt is to show that the actual agreement is something different than that which is accepted in writing and not where, as in this case, it is endeavoring to determine the di-

rect meaning and intent of the parties which, because of ambiguity in the language used, has to be interpreted in order to effectuate the actual intent of the parties to the contract. See Simon v. Myers, 284 Pa. at p. 3; White Heat Products Co. v. Thomas, 266 Pa. 551, 555; Martz v. W. H. Wilcox Company, 57 Pa. Superior Ct. 169, 174.