Abbie Hicks, Administratrix of Henry Hicks, Deceased, *v.* National Bank of Northern Liberties.

*Set-off—Decedents' estates—Executors and administrators.*

In an action by the administrator of a solvent estate the defendant may set off against the claim of the plaintiff a debt due by the decedent when the suit was brought: Chipman v. Ninth Nat. Bank of Phila., 120 Pa. 86, distinguished.

Argued March 27, 1895. Appeal, No. 100, Jan. T., 1895, by defendant from order of C. P. No. 2 Phila. Co., June T., 1894,

No. 782, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Assumpsit to recover the amount of a deposit.

Joseph Moore, president of defendant bank, filed an affidavit of defense in which he averred:

"The said Henry Hicks, deceased, was a depositor in our bank and at the time of his death, which occurred on June 24, 1894, there was standing to his credit on the books of the bank a balance of $234.73.

"I am informed, believe, and expect to be able to prove that the said Henry Hicks was, at the time of his death, solvent, as I have in my possession a statement of his assets and liabilities which he furnished to the bank shortly before his death, showing that he was then entirely solvent, with assets largely in excess of his liabilities. And I believe, and therefore aver, that when the settlement of his estate shall be made, and the account of his administratrix shall have been settled in the usual way in the orphans' court, it should appear that his estate is solvent and able to pay his indebtedness.

"Shortly after his death, several promissory notes, which had been discounted for him on the faith of his said deposit in our bank, and for which the said deposit was held as payment, fell due, but were protested and are unpaid, as follows : . . . . .

"Under the understanding which we had with Henry Hicks in his lifetime, and which he had confirmed by his own act, we set off these notes as they fell due against the said balance of $234.73, and other deposits subsequently made, and hereinafter referred to, and charged up the same upon the books of the bank. On July 3, 1894, letters of administration were granted to the plaintiff in this case.

"On June 28th the said Abbie Hicks deposited in the regular account, and to the credit of the said Henry Hicks, for the purpose of the business, $132.78, and on July 2d, upon the demand of the bank, for the purpose of paying off a protested discounted note, she deposited checks amounting to $340.27, of which $31.96 was credited as cash, and the remainder when it was collected from out-of-town banks as follows :

On July 5th,    .    .    .    .    .    .        $237 66
On July 10th,  .    .    .    .    .    .         11 91
On July 18th,   .    .    .    .    .    .         58 74

" The said defendant, therefore, is not indebted to the said plaintiff in any amount whatever, but, on the contrary, the estate of Henry Hicks is indebted to said defendant for a balance of $2,044.84 exclusive of accrued interest."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was above order.

*William Henry Lex* for appellant.—If decedent was solvent the debt may be set off whether it fell due before or after his death : Bosler v. Exchange Bank, 4 Pa. 32; Bank v. Shoemaker, 11 W. N. C. 215; Thomas v. Winpenny, 13 W. N. C. 93 ; Skiles v. Houston, 110 Pa. 254.

*Charles F. Linde*, for appellee, cited : Chipman v. Ninth Nat. Bank, 120 Pa. 88; Light v. Leininger, 8 Pa. 405; Farmers' and Mechanics' Bank App., 48 Pa. 57.

OPINION BY MR. JUSTICE MCCOLLUM, May 30, 1895 :

It is a well-settled rule, supported by reason and authority, that in an action by the administrator of a solvent estate the defendant may set off against the claim of the plaintiff a debt due by the decedent when the suit was brought.   In such a case no valid reason appears for compelling the defendant to pay what he does not owe and look to his debtor's estate for the repayment of it.   By requiring him to do so the commissions of the administrator may be increased at the expense of the estate and the defendant may be driven to an action against it for money he paid under compulsion of the law.   It will thus be seen that the probable result of a departure from the rule above stated would be to delay the settlement of the estate, to increase litigation, and to subject the parties concerned to additional and unnecessary trouble and expense in the adjustment of the accounts between them.

It was thought by the learned court below that the rule we are considering was overthrown by Chipman v. Ninth National

Bank of Phila., 120 Pa. 86, which was an action by an assignee for the benefit of creditors to recover deposits made by the assignors with the defendant, and in which it was held that drafts and notes discounted for them before and maturing after their assignment were not admissible as a set-off. In this case the familiar rule that, in an action by the administrator of an insolvent estate, the debts of a decedent maturing after his death are not admissible as a set-off, was applied, and properly so. An assignment for the benefit of creditors is a badge of insolvency. It is presumably made because the assignor is not able to pay his debts as they became due in the ordinary course of his business. Chipman v. The Bank, supra, did not consider or allude to the rule as to set-off in actions by administrators of solvent estates, but dealt with an insolvent estate and the rights of the assignor's creditors in it. The cases cited in the brief of the plaintiff's counsel enforced the rule as to set-off in actions by insolvent estates, and recognized the rule applicable to it in actions by solvent estates, and in the opinion of the court, Beckwith v. The Union Bank, 9 N. Y. 211, which was an action by an assignee for the benefit of the creditors of an insolvent firm, was cited as like the case then under consideration. We conclude that Chipman v. The Bank is not in conflict with the defendant's contention in the case before us.

A motion for judgment for want of a sufficient affidavit of defense is in the nature of a demurrer. It admits the existence of the facts averred and denies their sufficiency as an answer to the claim. By the affidavit filed in this case it sufficiently appears that Henry Hicks was solvent at the time of his death, and that the defendant has valid claims against his estate, some of which matured before the suit was brought. It follows from what has been said that it was error to enter the judgment appealed from.

Judgment reversed and procedendo awarded.