Estate of Edward McClain.   Appeal of Jennie G. McClain and John Field, executors of Edward McClain, deceased.

*Judgment—Res adjudicata—Orphans' court—Common pleas.*

Where a claim against the estate of a decedent has been put in judgment in the court of common pleas, payment of the claim cannot be resisted by the executors of the decedent at the audit of their account in the orphans' court.   A judgment may be corrected for mistake or impeached for fraud; but only in the court in which it was rendered, on a proper application, and not in a collateral proceeding.

*Judgment—Set-off—Res adjudicata.*

After a claim has been put in judgment, set-off as against the claim so judicially determined is conclusively presumed to have been made, and the strife over it is at an end.

Argued Jan. 25, 1897.   Appeal, No. 317, Jan. T., 1896, by Jennie G. McClain et al., from decree of O. C. Phila. Co., dismissing exceptions to adjudication.   Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to adjudication.

The auditing judge, PENROSE, J., awarded to the Commercial National Bank of Pennsylvania the amount of a judgment against the accountants of December term, 1891, No. 89, in common pleas, No. 1. of Philadelphia county, $9,104.51, with interest. Counsel for the accountants, alleging that the decedent was surety only, and that Nelson Bros. & Co. were the principal debtors in the transaction out of which the judgment obtained as above by the Commercial National Bank had its origin, asked to be allowed to make an investigation of the accounts of the alleged principal debtor and the bank.   The auditing judge being of opinion that the validity of the judgment could not be

impeached collaterally declined to permit such inquiry, except so far as concerned matters occurring since its date ; and no evidence as to such matters was offered or alleged to be in existence.

Exceptions to the adjudication were dismissed, FERGUSON, J., filing the following opinion :

In this case a claim was presented to the auditing judge upon a judgment obtained in the court of common pleas, which judgment was subsequently affirmed by the Supreme Court: Bank v. McClain, 171 Pa. 132. It was alleged that this estate had a defense to the judgment. It is immaterial for the purpose of this decision to state what the defense was. It is sufficient to say that the auditing judge very properly overruled the offer, upon the ground that the validity of the judgment could not be impeached collaterally. When the parties and the cause of action are the same here as in the court of common pleas, the presumption is that the questions presented for decision were the same. But this case rises much higher than a presumption, for the claim is attempted to be defended against here upon the very same ground that it was defended there. The subject of the controversy is, therefore, res adjudicata, and would not again be considered and tried by the court which has jurisdiction in the matter, much less by another court which might have had jurisdiction originally. Every question which properly belonged to the subject, and which the parties might have brought forward at the time, must now be considered as settled, and the judgment in the court of common pleas conclusive between them.

The exceptions are dismissed and adjudication confirmed.

*Errors assigned* were dismissing exceptions to adjudication.

*Arthur M. Burton,* for appellants.—The right to an account belonged to the surety as well as to the debtor, and more particularly as the judgment against McClain's estate was only as against a surety, and not against him as principal, as it now appears by the judgment of McClain against Nelson Bros. & Co. that McClain was not indebted to that firm: Com. v. Miller, 8 S. & R. 452; Bangs v. Strong, 4 N. Y. 315 ; Bank v.

Bank, 7 W. & S. 335; Wyman v. Mitchell, 1 Cow. 316; Hayes v. Ward, 4 Johns. Ch. 123; In re Pulsifer, 14 Fed. Rep. 247; Pearson v. Parker, 3 N. H. 366; McLellan's App., 76 Pa. 231; Guenther's App., 4 W. N. C. 41; Raeder's App., 167 Pa. 597; Kline's App., 86 Pa. 363; Gunn v. Dickey, 14 W. N. C. 274.

Wherever there is the practicability of avoiding circuity of action and needless costs, or where there is a special equity to be subserved and no superior equity of third parties will be injured, a set-off will be allowed upon equitable principles, though the case does not come within the language of the statute: Hibert v. Lang, 165 Pa. 439; Tustin v. Cameron, 5 Wharton, 379; Montz v. Morris, 89 Pa. 392.

*John G. Johnson*, with him *Henry C. Terry*, for appellee.— There is no pretense that any of the matters offered to be shown in this proceeding were in the nature of newly discovered evidence, or could not for any reason, valid in law, have been presented at the trial of that case: Myers v. Kingston Coal Co., 126 Pa. 582.

*Arthur M. Burton*, for appellants, in reply.—The only point made by the counsel in the argument on behalf of the appellee is that all the matters of proof, which the appellants now ask leave to offer, could and should have been presented in the former suit of the Bank v. McClain's Estate. But that suit, as reported, shows that the learned judge of the court below refused to submit any question as to the state of the accounts between the bank and Nelson Bros. & Co. to the consideration of the jury. The question of the accounts being thus withdrawn from the case, the record did not prevent the appellants from investigating the accounts before the auditing judge: Follansbee v. Walker, 74 Pa. 306; Fleming v. Ins. Co., 12 Pa. 391; Packet Co. v. Sickles, 5 Wallace, 580; Coleman's App., 62 Pa. 252; Ins. Co. v. Mardorf, 152 Pa. 22; Hallowell's Appeal, 20 Pa. 215; Hise's Est., 5 Watts, 157; Eyster's App., 16 Pa. 372; Wallace's Appeal, 5 Pa. 103.

The orphans' court has jurisdiction of the fund and all powers necessary to make a distribution to the parties entitled thereto: Williamson's App., 94 Pa. 231.

OPINION BY MR. JUSTICE WILLIAMS, March 1, 1897:

This appeal is from a decree of distribution made by the orphans' court of Philadelphia. The fund was raised by the settlement of an account by the executors, the appellants. Among the claimants upon the fund was the Commercial National Bank of Philadelphia, the appellee. Its claim was upon a judgment in its favor and against the estate of the decedent, regularly entered in the court of common pleas No. 1, upon a verdict rendered by the jury after a trial had in due form. The payment of this judgment was resisted, not by reason of anything happening since the judgment was rendered, but for reasons that were used as a defense to the claim on the trial in the common pleas which resulted in the judgment. It was an ingenious effort to retry the cause in the orphans' court, and thereby to reach a different result from that reached on the trial in the common pleas. The learned judges of the orphans' court declined to hear the defense so set up, holding that they were without power to retry the cause or to attack the judgment collaterally. The correctness of this ruling is really the only question raised by this appeal. The general doctrine affirming the conclusiveness of a judgment as an adjudication upon the questions covered by it does not seem to be denied by the appellants. It is too well settled to be successfully attacked. The effort appears rather to be to persuade the orphans' court that, although the evidence in relation to the accounts between the bank and McClain and the bank and Nelson Bros. & Co. was all before the jury on the trial in the common pleas, it could not have received the attention it deserved at the hands of the jury, or the amount of their verdict would have been less by about $2,000 than that which they returned. Even if this was true, the remedy of the appellants would be in the court in which the trial took place. In the orphans' court the judgment is not subject to correction, nor can the mistakes of the jury be considered. A judgment may be corrected for mistake and impeached for fraud, but it must be done by the court in which it was rendered, and on a proper application. It cannot be done in a collateral proceeding: Hamilton v. Seitz, 25 Pa. 226; Philadelphia v. Girard's Heirs, 45 Pa. 9; Casebeer v. Mowry, 55 Pa. 419. The question for determination in the common pleas was the amount due the bank upon the note sued on. That question was settled, and

the amount ascertained by the verdict and the judgment entered thereon.   The question which the appellants now seek to raise is exactly the same—the amount really due upon the note sued on in the common pleas at the time when the jury rendered their verdict.   The question was settled by the judgment, and it is now res adjudicata: Myers v. The Kingston Coal Co., 126 Pa. 582.

It is true, as asserted by appellants, that the allowance of a set-off is an effort to avoid a multiplicity of suits, but after a claim has been put in judgment, set-off as against the claim so judically determined is conclusively presumed to have been made and the strife over it is at an end.   Cases like Hibert v. Lang, 165 Pa. 439, have therefore no application.

The orphans' court was right in its holding, and the decree appealed from is now affirmed.