William Steinmeyer, Executor of Christian Siebert, Appellant, *v.* Ewalt Street Bridge Company.

*Decedents' estates—Executors and administrators—Set-off.*

In an action by the executors of a solvent testator against a corporation to recover dividends which became due after the testator's death, the corporation may set off a debt due to it by the testator when the suit was brought.

Argued Nov. 3, 1898.   Appeal, No. 113, Oct.  T., 1898, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1895, No. 589, on verdict for defendant.   Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Assumpsit to recover dividends.   Before COLLIER, J.

At the trial it appeared that at the time of Christian Siebert's death, and many years prior thereto, he was a large stockholder in, and treasurer of, the bridge company.   The dividends sued for were declared after testator's death.   The company claimed to set off dividends due to stockholders which were alleged to have been in the hands of decedent as treasurer, at the time of his death.   Plaintiff alleged that he had made a settlement with the company, and had paid the amount claimed by it.

The court charged in part as follows:

It is alleged by the plaintiff that Mr. Steinmeyer, the executor, and Mr. P. W. Siebert, the son of the deceased, who became treasurer after his father's death, and both of whom were interested in the estate of Christian Siebert, Mr. Steinmeyer through his wife and Mr. P. W. Siebert being a son of Christian Siebert, got together while the present Mr. Siebert was treasurer, and made an agreement about this matter, and the alleged agreement was this: that Mr. Seibert was himself to pay all that his father owed in that behalf as treasurer, and that his brother-in-law, Mr. Steinmeyer, was to give him credit in his account with his father's estate.   It appears, as far as the evidence goes, that the estate is perfectly solvent and able to pay, and that that was the arrangement between them for the sake of the reputation of the father, or anything else; it is no differ-

ence what the object was, and in pursuance of that, written papers were exchanged.

Now, remember the allegation of the plaintiff that he made an agreement with Mr. P. W. Siebert, who was then treasurer, that he would pay these dividends, and whatever he so paid he was to have credit for in his account with the estate, which, if made, would be a very reasonable and fair bargain. That is the allegation of the plaintiff; we will come to the defendant directly. In pursuance of that, this receipt was taken:

                                   " PITTSBURGH, August 12, 1893.

" Received from the executor of Christian Siebert, deceased, the sum of thirty-three hundred and eight ($3,308) dollars, being the amount of uncalled for dividends of Ewalt Street Bridge Company, up to but not including dividends of July, 1893, as per statement in detail rendered July 20, 1893.

        " (Signed)            P. W. SIEBERT,

                                   " Treasurer."


Then, in addition to that, two other receipts, one for $500, and the other for $1,200, were taken. In further pursuance of that, this receipt was given:

" I hereby acknowledge receipt of thirty-three hundred and eight ($3,308) dollars from P. W. Siebert, to be credited to his account with the estate of Christian Siebert."

This is signed by the executor, Mr. Steinmeyer. It is alleged that that credit was given to Mr. P. W. Siebert in the account of the estate.

That is the allegation of the plaintiff; that he made this bargain in good faith, both of them being interested in the father's and father-in-law's estate, and that he was to get credit on this account for that amount. It is also alleged that the receipt was given to show that, and that he has the credit in the estate account today. Now, that of itself would not be sufficient, because a bargain of that kind would not bind the bridge company, but it is alleged that that bargain was assented to and ratified by the bridge company, and it is alleged in this way; that the minutes of the bridge company show the proceedings connected with this matter; that it was acted upon, and that from that time until this suit was brought, and once after this suit was brought, every dividend

that has been declared by the company has been paid over to the executor notwithstanding that. It is alleged that those facts are sufficient for you to find that the arrangement was con-firmed and assented to and ratified by the bridge company. That is the claim of the plaintiff and that is the question here. Now the burden is upon the plaintiff to satisfy you by weight of evidence that that agreement was made and was ratified or assented to by the bridge company. If he does that, from the weight of the evidence, then he is entitled to recover this dividend on behalf of the estate ; if he has not satisfied you of that, then he is not entitled to recover.

Now, Mr. Siebert denies all that and makes the issue. Mr. Siebert says that he signed this paper but did not read it ; that this receipt was given, but that the bargain was not as alleged by the plaintiff. He says that it was just contrary to what Mr. Steinmeyer says, and that it was this : that he was to try to pay off this money that his father owed, and that he took the bridge company's money and paid it off from time to time, as the claims came in ; that then he went to Mr. Steinmeyer and told him he had paid $507, and that Mr. Steinmeyer paid him $500 ; that at another time he told Mr. Steinmeyer he had paid $1,200, and Mr. Steinmeyer gave him that money back also, and that that was a credit on the account of his father, leaving this balance. That is his theory, and that you are to determine between them by the weight of the evidence.

At the time the papers were written, the parties, if they could read, would probably know more about it than they would afterwards. You are to judge of that as of everything else in the case, under all the circumstances. You have, on the one hand, a statement that, if true, would entitle the plaintiff to recover ; and, on the other hand, you have an absolute denial. That is the question in the case, and of which you are the judges, not the court. You are to determine whether this agreement, as set up by Mr. Steinmeyer, was made and ratified by the bridge company, or whether it was not, as stated by Mr. Siebert. If it was not, then whatever is coming to the bridge company should be certified in their favor, after deducting the amount of this dividend. On the other hand, if that was the arrangement, then certainly the plaintiff is entitled to have his money, particularly as, after this alleged agreement, they have

been paying the dividends along until this one, and I believe one since.

There is one other question, in making the calculation, if you come to that, and that is this: You will observe that Mr. Siebert says on this trial that he took the bridge company's money and paid these people, and that they were paid back by his individual money. The counsel for the plaintiff contends that the evidence here shows, and also his allegations in other cases heretofore, that he paid his individual money and not the company's money. Now, whatever he would pay as an individual and the bridge company got, they could not recover again in this suit. If he paid as an individual any amount, $600 or $700, or whatever it was, that must be taken out, because the company has got the money and cannot get it again in this suit. That is disputed. The counsel for plaintiff alleges that you have plenty of proof here to satisfy you that he paid a large amount of it as an individual. He denies that; says he did not; that it was the company's money, and therefore he has a right to set it off. Those are all the questions of law that I see in the case, and you will now take it, remembering the issue that you are to try, and I will repeat it at the risk of being verbose, because you have had a great deal of testimony on both sides, written and verbal, and it is necessary for the court to direct your minds to what you are trying and what you have to determine, so as to enable you to intelligently apply the evidence. Examine the evidence carefully and ask yourselves whether the agreement, as set up by Mr. Steinmeyer, was made or not. If it was made and was ratified or assented to by the bridge company, either by the books or by their acts afterwards, the plaintiff is entitled to have his claim paid, $458. On the other hand, if that is not made out by the plaintiff, then the defendant would be entitled to a verdict for the amount he claims, after deducting any payments that you should find were made individually by Mr. Siebert.

Mr. Sterrett: The court said that there was only one dividend paid after suit was brought, and I desire to call the court's attention to the fact that all were paid except one.

By the Court: That is correct, and I was in error in saying that only one was paid afterwards; it is just the other way they were all paid afterwards except one dividend.

Plaintiff's points and the answers thereto among others were as follows: .

1. Under all the evidence the verdict must be for the plaintiff. *Answer:* This is refused and bill sealed for the plaintiff. [1]

4. The plaintiff's claim being for a dividend declared after the death of Christian Siebert, the defendant cannot set off his, Christian Siebert's, indebtedness to the company, arising before his death. *Answer:* This is refused and bill sealed for the plaintiff. [2]

Verdict for defendant with certificate in its favor for $1,150. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*James R. Sterrett,* for appellant.—We contend that in the absence of some statutory authority giving a lien upon the stock the bridge company could not set off any indebtedness of Christian Siebert to the company, against either the stock or dividends declared thereon after his death: Steamship Dock Co. v. Heron, 52 Pa. 280; Merchants' Bank v. Shouse, 102 Pa. 488; Brent v. Bank, 2 Cranch (U. S. C. C.), 517; 1 Spelling on Private Corporations, sec. 479, p. 520.

*A. M. Brown,* for appellee, cited Hicks v. Nat. Bank of Northern Liberties, 168 Pa. 638.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

This action was brought by the executor of Christian Siebert to recover the amount of certain dividends due on stock of the defendant company. The whole controversy at the trial related to a claim which the defendant sought to set off against the plaintiff's demand. This claim was for an amount of money which represented unpaid dividends due stockholders which was in the hands of the decedent at the time of his death as treasurer of the bridge company. The set-off was contested by the plaintiff on the ground that the whole amount due the company had been included in a settlement with it, and had been paid by him. The issue of fact thus raised was clearly for the jury, and it would have been error to have affirmed the plaintiff's first point.

The second assignment relates to the right of the company to set off a debt due it by the decedent against a claim for dividends which became due after his death. As the estate was admittedly solvent, the question raised is squarely ruled by Hicks v. Nat. Bank, 168 Pa. 638, in which it was said: "It is a well settled rule, supported by reason and authority, that in an action by an administrator of a solvent estate the defendant may set off against the claim of the plaintiff a debt due by the decedent when the suit was brought. In such a case no valid reason appears for compelling the defendant to pay what he does not owe and look to his debtor's estate for the repayment of it."

The judgment is affirmed.