## Moxham & Ferndale Bridge Co. *v.* Cambria County, Appellant.

*Bridges—County bridges—Res adjudicata.— Quarter sessions— Common pleas—Collateral attack on order of quarter sessions.*

Where the court of quarter sessions makes an order declaring a bridge a county bridge, and that taking tolls thereon shall cease, and no exceptions are filed thereto, the court of common pleas cannot thereafter, in a proceeding to assess damages for the taking of the bridge, be asked to declare that the bridge is not a county bridge.

Argued April 20, 1921. Appeal, No. 395. Jan. T., 1921, by defendant, from judgment of C. P. Blair Co., Oct. T., 1920, No. 250, on verdict for plaintiff, in case of Moxham & Ferndale Bridge Co. v. Cambria County. Before MOSCHZISKER, C. J., WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from award of jury of view. Before BALD-RIGE, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,453.91. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record:

*Walter Jones* and *Oliver H. Hewitt,* for appellant.

*J. Earl Ogle, Jr.,* with him *Thomas H. Greevy,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, May 9, 1921:

On September 5, 1906, the requisite number of citizens presented their petition to the Court of Quarter Sessions of Cambria County, under the Act of May 8, 1876, P. L. 131, praying that a toll bridge belonging to appellee might be condemned, taken as a county bridge and freed of tolls. The matter was so proceeded with, in the quarter sessions, that a decree was entered, declaring the bridge a county bridge and that the taking of tolls thereon should cease. No exceptions were filed on the county's behalf, but the bridge company appealed to the Superior Court, which affirmed the decree of the quarter sessions (Moxham and Ferndale Bridge, 36 Pa. Superior Ct. 298); thereupon it, the bridge company, appealed to the common pleas from the award of damages made by the jury of view.

No tolls were collected by the bridge company after June 1, 1908. On its petition, the venue of the case was changed to Blair County, where, on October 20, 1919, more than eleven years after it had been denied the right to receive revenue from the bridge by the decree of the quarter sessions of Cambria County, a verdict was found in its favor fixing the amount of compensation for the taking of its property. The County of Cambria filed a motion for judgment in its behalf notwithstanding the verdict, which was refused by the trial court, and from this action it has appealed.

The basis of the appeal is, that the county is not liable to compensate the plaintiff for the taking of its bridge, because the quarter sessions was without jurisdiction to

condemn it, (a) since the bridge was located within the corporate limits of the City of Johnstown, and therefore could not be taken as a county bridge; and, (b) since the bridge was not built over a river or stream crossing a road on which the public was required to travel as provided by the Act of 1876. These positions, relied upon at the trial of the case, in effect asked the Court of Common Pleas of Blair County to set aside a decree of the Court of Quarter Sessions of Cambria County; a rather startling proposition under our judicial system. The latter court, by decree, in a proceeding in which no exceptions were filed by the county, had declared the bridge to be just what the appellant asked the former tribunal to adjudge it not to be; there would be an end of orderly judicial procedure if such results as appellant seeks could be brought about.

The objections now raised should have been broached in the court of quarter sessions; failing to raise them there, and permitting the decree adjudging the bridge a county bridge to be entered without exception, appellant foreclosed its right to challenge that decree anywhere: McClain's Est., 180 Pa. 231; Wilson v. City of Scranton, 141 Pa. 621.

The judgment is affirmed.