## Thacher's Estate.

Argued May 2, 1933. Before FRAZER, C. J., SIMP-. SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Joseph K. Willing,* and *Shippen Lewis,* Deputy Attorney General, with them *Lester S. Hecht* and *William A. Schnader,* Attorney General, for appellant.—The ancillary executor of an estate does not have the right to a set-off in the amount of the checking and savings accounts opened by the ancillary executor in his name as executor of the estate of a deceased depositor, where the deceased was indebted upon a demand note to a bank now in possession of the secretary of banking: South Phila. State Bank's Insolvency, 295 Pa. 433; Laighton v. Trust Co., 225 Mass. 458; Wolfersberger v. Bacher, 10 S. & R. 10; Stuart v. Com., 8 Watts 74; Stephens v. Cotterell, 99 Pa. 188.

*Wm. Barclay Lex,* of *Hepburn & Norris,* for appellee.
—The money in the deposit accounts belonged to the decedent, and the claim that his property, because it is in the hands of his personal representative, may not be set off against the debt which he owed, is answerable merely by stating it, and without the need of argument.

In determining whether the right to set-off exists, the inquiry should be, who is the owner of the property: Stephens v. Cotterell, 99 Pa. 188; Trestrail v. Johnson, 298 Pa. 388; Gordon v. Trust Co., 308 Pa. 493; Murray v. Williamson, 3 Binney 135; Crist v. Brindle, 2 Rawle 121; Hicks v. Bank, 168 Pa. 638; Steinmeyer v. Bridge Co., 189 Pa. 145; Hibert v. Lang, 165 Pa. 439.

OPINION BY MR. JUSTICE SIMPSON, May 22, 1933:

Testator, in his lifetime, was a depositor in the Aldine Trust Company, and at his death there was standing to his credit, in two accounts, the sum of $6,711.89. These his ancillary executor withdrew, and deposited the amounts thus obtained in two new accounts, which he opened in the same company, as "ancillary executor of the estate" of testator. From time to time deposits were made in these accounts by the ancillary executor, and checks were drawn thereupon. Subsequently the trust company failed, and the secretary of banking took possession of it and its assets. At the audit of the account of the ancillary executor, the secretary of banking made a claim for $16,000, the amount of a demand note signed by testator, and the ancillary executor sought to set off thereagainst the sum of $6,246.83, which was the balance standing to the credit of the estate in the two deposit accounts. The auditing judge refused to allow the set-off; the court in banc sustained the ancillary executor's exceptions and allowed the set-off, and the secretary of banking thereupon took this appeal. The decree must be affirmed.

In his brief, appellant says: "It is admitted for the sake of argument that an executor representing a de-

ceased, succeeds to his obligations and to his rights. It is also admitted for the sake of argument that ordinarily a depositor is entitled to a set-off of his deposit against any claim made by the bank." Under the authorities in this State, we can eliminate the twice-repeated "for the sake of argument," and find that what is left is the settled law here.

It is first objected by appellant that, if the set-off is allowed, inequity will probably result, because the estate will get the full amount of its deposit, whereas the other depositors may get but a fraction of theirs. This is true; but the inequity, if any, will be precisely the same as would have been the case if testator had lived and been allowed the set-off, or as it is in the case of every other living depositor making a like claim. Admittedly, anyone in either of the classes last referred to, could enforce the right of set-off. See Fisher, Commissioner of Banking, v. Davis, 278 Pa. 129.

It is next objected that mutuality of claim is an essential element in all matters of set-off, while here, it is mistakenly asserted, there is no mutuality, since the claim of the secretary of banking is against testator, and the set-off allowed is by the executor. In both fact and law, however, the claim of the secretary, as presented on the settlement of the account, is against the estate of the testator, in the hands of the ancillary executor, and the set-off is urged by the estate of the testator, in the hands of the ancillary executor. A brief reference to our authorities will show how mistaken is appellant's claim on this point.

We have steadily held that a set-off will not be allowed to a creditor of a decedent, as against a claim for a sum due by him for the purchase, from the executor or administrator, of a part of the assets of the estate: Wolfersberger v. Bucher, 10 S. & R. 10; Steel v. Steel, 12 Pa. 64; Singerly v. Swain's Admr.'s, 33 Pa. 102; Stephens v. Cotterell, 99 Pa. 188. The reason for the disallowance, though this is immaterial, is generally stated to be

that the executor or administrator could sue individually for the price agreed to be paid to him for the assets he sold, and hence the claim and the attempted set-off are in different rights.

On the other hand, if the claim sued for is a debt which was due to the decedent himself, or to the decedent's estate other than for the purchase price of its assets, the set-off is of right, the estate being in either event, as here, the party interested in both the claim and the set-off: Murray v. Williamson, 3 Binney 135; Dorsheimer v. Bucher, 7 S. & R. 9; Crist v. Brindle, 2 Rawle 121; Hicks v. Nat. Bank of the Northern Liberties, 168 Pa. 638, 640; Steinmeyer v. Ewalt St. Bridge Co., 189 Pa. 145, 150; Fisher, Commissioner of Banking, v. Davis, supra. In the last named case, it was held that "The Act of May 23, 1913, P. L. 354, amending the Act of May 8, 1907, P. L. 192, applies only to matters of distribution, and does not prevent a defendant from setting off any claim he may have against the estate of an insolvent banking company, if due at the time its assets were taken over by the commissioner of banking."

Gordon, Secretary of Banking, v. Union Trust Co., 308 Pa. 493, much relied on, is far afield. There it was sought to set off one trust fund against another, the beneficiaries in one being different from those in the other. Of course this was not permitted.

In view of the foregoing unbroken and long-continued line of decisions supporting the decree below, it is not necessary to review those from other jurisdictions, or the textbook citations based thereon, both of which have been elaborately quoted, and diligently reviewed by appellant's counsel. Nor need we consider whether or not our decisions are logical. It suffices that they have established a rule of property, upon which many rights have been and are being based, and which, if it is to be changed, can only be wisely done by legislation so limited as to operate prospectively.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.