Tourison's Estate.

Argued January 13, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

300

*Francis B. Bracken,* with him *Bevan A. Pennypacker,* for appellant.

*Elton J. Buckley,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

Testator died January 26, 1933. On October 14, 1933, the Germantown Trust Company, a creditor, instituted suit against his executors for a balance due upon decedent's notes, and filed a præcipe with the prothonotary directing him to index the action in the judgment index in accordance with section 15 of the Fiduciaries Act of 1917. June 18, 1934, more than a year after testator's death, it was discovered that the prothonotary had neglected to index the action in the judgment index and, upon his attention then being called to this fact, he indexed the action nunc pro tunc as of October 14, 1933. Shortly thereafter testator's widow, as residuary legatee, petitioned the court of common pleas to expunge the lien from the record by striking the entry from the judgment index. A rule was granted, which the court below subsequently discharged. No appeal was taken from that order.

On September 10, 1934, the executors, having previously petitioned for leave to sell certain real estate to pay decedent's debts, filed an account containing the proceeds of the sale. At the audit the Germantown Trust Company claimed payment out of these proceeds of the debt for which it had commenced action. The claim was resisted on the theory that the Germantown Trust Company had lost its lien against decedent's real estate because of the prothonotary's failure to index the action within a year, and was, therefore, not entitled to payment from the fund realized by the sale. The auditing judge so held and was sustained by the court en banc. The trust company appeals.

At the outset we must consider the effect of the order of the common pleas court which passed on the indexing of this action in the judgment index before the claim came up for consideration before the orphans' court. Obviously if the common pleas had jurisdiction to decide the question, its decision is conclusive upon the orphans' court and determinative here, since unappealed from. The orphans' court has no appellate jurisdiction over decisions of the common pleas court, and when a decree or judgment has been rendered by one of these courts, it is conclusive and free from collateral attack in the other. We have so declared in many cases: *Myers et al. v. Crick,* 271 Pa. 399; *Moxham & Ferndale Bridge Co. v. Cambria Co.,* 270 Pa. 494; *Estate of Edward Mc-Clain,* 180 Pa. 231; *Appeal of Frank C. Reese,* 116 Pa. 272; *Otterson v. Gallagher,* 88 Pa. 355; *Leedom v. Lombaert,* 80 Pa. 381; *Gilmore v. Rodgers,* 41 Pa. 125; *Hoffman v. Coster,* 2 Wh. 453.

The auditing judge undertook to pass on the several matters discussed in the opinion of the common pleas, but overlooked its conclusion, which was the final order, approving the indexing nunc pro tunc as proper. The court en banc held, in effect, that the common pleas court did not pass upon the question as to whether a valid lien was created by the indexing.

At common law the land of a decedent was not liable for simple contract debts. The first Pennsylvania statute giving that right by imposing a lien on a decedent's real estate was the Act of April 4, 1797, 3 Smith's Laws 296; the latest is the Fiduciaries Act of 1917. Our earlier acts, relating to the continuance of liens against a decedent's real estate, had no provision making it necessary to index an action in the judgment index. The later acts contained such provision. The purpose of indexing was to charge prospective purchasers or third parties dealing with a decedent's land with notice that it was subject to certain claims.

The Act of 1917 provides that debts of a decedent shall not remain a lien on real estate beyond a period of one year unless within such period "an action for the recovery thereof be brought against the executor or administrator of such decedent; and such action shall be indexed within said period against the decedent and such executor or administrator in the judgment index." By section 15 (d) it is provided that "It shall be the duty of a prothonotary . . . upon præcipe of a plaintiff or his attorney to index the same against the decedent." To successfully continue the lien of an ordinary debt against the decedent's estate there must be both the commencement of an action and its indexing by the prothonotary. While the failure to index, even though the action is commenced, relieves the property from the lien in the hands of an heir just as it does when a bona fide purchaser or third party is involved (*Brennan's Est.*, 277 Pa. 509), the question still remains whether the common pleas court had jurisdiction to order or approve indexing of an action nunc pro tunc. In deciding this problem, we need not determine whether it rightfully held that a positive mandate to the prothonotary from the legislature, expressive of a duty to do a thing within a specified time, might be corrected by the courts if he failed to do so, nor whether the prothonotary, as an officer of the court, could voluntarily index the action nunc

pro tunc, but can limit the discussion as to whether the common pleas had jurisdiction to consider the matter at all, and if so, did it approve his act.

The trust company's action was brought in the common pleas court. That is the designated tribunal and the only tribunal where "an action for the recovery" of this claim could be considered. The necessary steps provided by the statute are properly taken in that court. The final judgment and execution process, if necessary, could only be procured therein. It must follow that all matters connected therewith can be there considered. The fact of "indexing" was as vital in the common pleas to the life of the claim as a lien on decedent's land as it was in the orphans' court against the proceeds derived from its sale. The common pleas had authority to pass on this and all other matters contained in or incident to the litigation. While the orphans' court has jurisdiction over the collection and distribution of the assets of a decedent's estate (*Kittera's Est.,* 17 Pa. 417; *Phillips v. Allegheny Valley R. R. Co.,* 107 Pa. 465; *Otterson v. Middleton,* 102 Pa. 78; *Schadt's Est.,* 282 Pa. 523), it is not the only court having jurisdiction to determine the validity of a claim against a decedent's estate, nor the validity of a lien created under section 15 of the Fiduciaries Act. In the absence of an order to sell real estate for the payment of debts, it is entirely possible for a creditor to commence suit, have his action indexed within a year and refuse to go into the orphans' court for its payment or, because of lack of personal estate, be compelled to proceed to ordinary execution, thereby resorting exclusively to the common pleas court.

Further, this appellee submitted herself to that jurisdiction and requested in her petition that the indexing of the action be stricken off. When the rule on her petition was discharged she could have appealed to this court. Not having done so, when the claim was presented to the auditing judge accompanied by a record from a court of competent jurisdiction which had judi-

cially determined that all necessary elements to preserve the lien were present, the orphans' court could not revise that order nor minimize its effect. The orphans' court has power to determine the validity of a claim actually reduced to judgment and indexed after a year when presented for allowance in the orphans' court as it did in *Brennan's Est.,* supra. In that case, the orphans' court refused to allow the claim because the record plainly showed that indexing of the action did not take place within a year though the judgment itself was indexed. But in that case there was no prior common pleas court decision concerning the lien. Had there been no judicial determination by the common pleas of the effect of the prothonotary's action in this case, the orphans' court would be within its power in considering the act of an officer who voluntarily corrects his own mistake. Where the record of a claim from the common pleas is presented to the orphans' court for allowance as a lien on the proceeds from the sale of real estate and it appears from the record that one of the prerequisites to a valid lien is lacking, the orphans' court may disregard the claim as a lien. Where, however, the common pleas has actually sustained the claim as a valid lien, its decision is immune from collateral attack *(Smith v. Wildman,* 178 Pa. 256; *Hamilton v. Seitz,* 25 Pa. 226) and is conclusive on the orphans' court.

The common pleas having jurisdiction to determine all matters in relation to the litigation before it, and having concluded that the indexing was proper, it is now too late to question that decision. This decision is binding on the orphans' court and, unappealed from, is not subject to investigation here.

Decree reversed with a procedendo, costs to be paid from the estate.