Overbeck, Admrx., *v.* Overbeck, Appellant.

Argued April 8, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*James H. McHale,* for appellant.

*William T. Connor,* with him *Hardie Scott,* for appellee.

OPINION BY MR. JUSTICE LINN, May 27, 1946:

Bernard Overbeck and his brother, George, were equal partners in the drug business in Philadelphia. Bernard's death on May 26, 1944, dissolved the partnership. His

widow became his administratrix and filed this bill against George, the surviving partner, for an accounting and other relief. Defendant answered and admitted that he was in possession "for the purpose of winding up the business." He made a counterclaim on two judgment notes made by Bernard, aggregating $5,000, both of which were due to George before Bernard's death.

At the trial, December 6, 1944, counsel for the defendant stated that the plaintiff was entitled to an account and that one was in course of preparation. The chancellor, in his adjudication, held that Bernard's "notes were fully proved and there was no defense on the merits," and that defendant could set them off against the amount due by him as liquidating partner to the complainant administratrix. The court in banc sustained an exception to the allowance of the set-off, being of opinion that the court's power was limited to adjudicating Bernard's liability on the notes; that recovery should only be had in the Orphans' Court at the audit of the account of the administratrix.

When it appeared at the trial in December, 1944, that defendant admitted his obligation to file an account and stated that one was in course of preparation, the chancellor should have continued the hearing until the account came in and should then have audited the account and disposed of the suit. The record before us now contains such an account filed on February 20, 1945, after the adjudication had been filed but before the exceptions were heard * by the court in banc. To avoid returning the record to enable the court below to pass on the account, counsel for both parties have filed a stipulation in this court that the account "is true and correct and shall be considered on the appeal as having been audited and found to be true and correct." It shows that the liquidation of the partnership produced a balance of

---

* The final decree dated March 26, 1945, directs the defendant to file an account, though it had been filed before the court heard the argument leading to the final decree.

$3,155.48, principal and income distributable in equal shares to the plaintiff as administratrix of the deceased partner and to the defendant as surviving partner. Each was therefore entitled to $1,577.74, all partnership debts having been paid. At the time of Bernard's death he owed the defendant $5,000 and interest less any sum for which defendant, as liquidating partner, became obligated to pay to Bernard's administratrix. It is immaterial, in those circumstances, that Bernard's estate is insolvent. The defalcation act of 1705, 1 Sm. L. 49, 12 P.S. 601, provides: "If two or more dealing together be indebted to each other upon bonds, bills, bargains, promises, accounts, or the like, and one of them commence an action in any court of this province, if the defendant cannot gainsay the deed, bargain or assumption upon which he is sued, it shall be lawful for such defendant to plead payment of all or part of the debt or sum demanded; and give any bond, bill, receipt, account or bargain in evidence; and if it shall appear that the defendant hath fully paid or satisfied the debt or sum demanded, the jury shall find for the defendant, and judgment shall be entered, that the plaintiff shall take nothing by his writ, and shall pay the costs. And if it shall appear that any part of the sum demanded be paid, then so much as is found to be paid shall be defalked, and the plaintiff shall have judgment for the residue only, with costs of suit."

In *Fisher v. Davis,* 278 Pa. 129, 132, 122 A. 224, SIMPSON, J., said, "With us the right of defalcation has existed since the passage of the Act of January 12, 1705, 1 Sm. Laws 49, and has been constantly applied to estates where insolvency existed and the law established preferences in distribution. Thus, in suits brought by executors or administrators, where the creditor's claim was due when decedent died, set-off has always been allowed, even though his estate was insolvent; Murray v. Williamson, Administrator of Gray, 3 Binney 135; Com. v. Clarkson, Administrator of Passmore, 1 Rawle 291; Skiles, Administrator of Skiles v. Houston, 110 Pa.

254. The reason for this conclusion is tersely expressed in the second of these cases as follows (page 293) : 'The sum really due at the death of the party is the true debt. On no other principle could there be a set-off against the representatives of an insolvent decedent; instead of which the defendant would have to pay the demand against him first, and then come in with the other creditors for a dividend of his own money *according to the degree of his debt.* This we see is not the case; everything but the balance having been previously extinguished' by operation of the statute. This reasoning has been repeatedly applied in later cases, and never overthrown or modified by either statute or decision." See also *Thacher's Estate,* 311 Pa. 278, 166 A. 873; *Anthracite Trust Co., Mears' Appeal,* 319 Pa. 113, 116, 179 A. 245.

As Bernard's debt to George was greater than what George owed as liquidator, the account at Bernard's death showed that he owed to George the difference which became the amount of the recoverable debt. It is immaterial that the amount was not in fact ascertained until after Bernard's death, because the obligation arose at the time of the death: see *Fifth Mut. Build Soc. of Manayunk's Appeal,* 317 Pa. 161, 177, 176 A. 494. The court therefore erred in denying the right of set-off.

It is of course elementary that the Orphans' Court and not the Common Pleas has jurisdiction of the distribution of a decedent's estate even though a judgment of the Common Pleas may determine the amount of the liability: see *Tourison's Estate,* 321 Pa. 299, 184 A. 95; *Estate of McClain,* 180 Pa. 231, 36 A. 743; *Strouse v. Lawrence,* 160 Pa. 421, 425, 28 A. 930. The decree of the court below distributes no property belonging to the deceased partner; it decides that nothing was payable by defendant to the administratrix because the amount shown by the liquidation to be payable to her, was exhausted by the effect of the defalcation statute on the amount owing on the intestate's notes.

The appellee relies on *Book v. O'Neil,* 2 Pa. Superior Ct. 306 (1896). As we understand the report of that case the defalcation act was not given its proper effect as illustrated in the cases cited in this opinion. If the act had been properly applied the law would have reduced the liquidating partner's obligation to the decedent by the amount which the parties had previously agreed to be owing by the decedent in his lifetime to the liquidating partner, leaving the difference between the two as the only unpaid debt. We must disapprove that case as a precedent.

Decree reversed; record remitted for the substitution of an appropriate decree, costs to be paid out of the fund in the hands of the defendant, the liquidating partner.