## Probst et al. v. First National Bank of Williamsport, etc.

*Lee B. Lansberry*, for plaintiffs.
*Furst, McCormick, Muir & Lynn*, for defendant.

WILLIAMS, J., July 19, 1950.—Plaintiffs are suing the executor of Harry A. Moulder in common pleas court. The suit has been brought on an alleged oral contract for services performed during the life of Harry A. Moulder. Preliminary objections have been made to the complaint, seeking a dismissal of the action.

These objections are that the material facts on which the cause of action is based are not stated in a concise and summary form as required by Pa. R. C. P. 1019, and further that because plaintiffs filed objections to the first and final account of defendant as executor of Harry A. Moulder, that they should not press the action in common pleas until determination of proceedings in the orphans' court.

Are the complaints as concise as required by the Rule of Civil Procedure, which reads as follows: "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form"? The court is of opinion, in reading the statement of claim, that the allegations are as concise as it would be possible to make them without becoming liable to defendant's criticism for being too brief. The claim is based upon work done at various times, and although the statement is quite lengthy, prolixity is not necessarily a vital defect. The nature of the case must be considered.

Should plaintiffs be forced to first prove their claim in the orphans' court? They filed exceptions to defendant's account in the orphans' court, thereby holding up the confirmation of the account, and then commenced this lawsuit in common pleas court.

We begin consideration of this question with the premise that the court of common pleas has concurrent jurisdiction with the orphans' court in the proof of creditors' claims: Sergeant v. Ewing, 30 Pa. 75, 36 Pa. 156; Pringle v. Pringle, 130 Pa. 565. The orphans' court has exclusive jurisdiction of the distribution

of decedents' estates and in order to recover a claim reduced to judgment in the common pleas court, claimant must go to the orphans' court: Strouse v. Lawrence, Admx., 160 Pa. 421; Petillo v. Perry, Exec., et al., 48 D. & C. 473. A common pleas judgment is conclusive, however, when presented in the orphans' court for payment. A finding in the orphans' court is also conclusive when presented in a common pleas action: McClain's Est., 180 Pa. 231; Commonwealth, to use, v. Easton Trust Co., Exec., 347 Pa. 162.

The remedy of the creditor to establish his debt in the common pleas court was not taken away when the orphans' court was established. In certain cases it is necessary for the creditor to establish his debt in the common pleas court to stop the running of the statute of limitations. The common pleas court has been preferred to decide disputed and complicated questions. In Phillips, Admr., v. Railroad Co., 107 Pa. 465, it was said:

"The result of the authorities seems to be that as to the claims of distributees and legatees the jurisdiction of the orphans' court is exclusive and that of the common pleas is ousted, while as to creditors, the right to proceed by a common law action for the determination of their claims is concurrent with the right to proceed in the orphans' court."

It was ruled in Ohio v. Union Trust Co. of Pittsburgh, Exec., 137 Pa. Superior Ct. 75, as follows:

"Any creditor of a decedent, who holds a valid claim, not barred by limitation, may bring his action in the court of common pleas against the legal representative and have it reduced to judgment—provided the representative has not been discharged from his trust—wholly irrespective of whether the assets of the estate have been distributed or not."

It was said in Tourison's Estate, 321 Pa. 299:

"In the absence of an order to sell real estate for the payment of debts, it is entirely possible for a creditor to commence suit, have his action indexed within a year and refuse to go into the orphans' court for its payment or, because of lack of personal estate, be compelled to proceed to ordinary execution, thereby resorting exclusively to the common pleas court."

It is argued, however, that even though there is concurrent jurisdiction between the orphans' and common pleas courts in this case, plaintiffs, because they filed objections to the account in the orphans' court before they started the common pleas lawsuit, must now first establish their claim in the orphans' court.

With this we cannot agree. In Doyle's Estate, 291 Pa. 263, it was said that two suits between the same parties upon the same cause of action would not be tolerated and the court directed that the parties proceed on the action first started. The question in Doyle's Estate, however, was merely as to whether or not the parties were to proceed on partition proceedings in the orphans' court or the common pleas court. There was little difference in the proceedings, no matter in which court the case was carried to a conclusion.

In the instant case plaintiffs creditors have the benefit of jury trial by proceeding in common pleas court. This benefit should not be taken away from them just because they have to protect their right to collect against the personal property by excepting to the account as filed in the orphans' court. There has been a tendency not to deprive any one without his express or implied consent, of the right to trial by jury on the question of ownership of property where a substantial dispute exists on the issue: Williams' Estate, 236 Pa. 259. We are loath to make an order depriving these plaintiffs of their right to trial by jury.

Of course, although claimant has the right to bring an action at law, it is in the sound discretion of the

orphans' court to decide whether or not a fund will be impounded to await the outcome of the action at law: Thompson's Estate, 130 Pa. Superior Ct. 263. In section 619 of the Act of April 18, 1949, P. L. 512, it is provided that when any claim not proved in the orphans' court is being litigated in any other court, the court may make such provision for the disposition or satisfaction of the claim as shall be equitable. It is suggested in the instant case that plaintiffs move promptly to trial, and that at the proper time application be made to the orphans' court to make equitable provision for the claim in this suit.

### Order of Court

And now, July 19, 1950, it is ordered and decreed that preliminary objections be and are hereby dismissed.